**WOODFORD, d.b.a. Woodford Contemporary Real Estate et al., Appellees,**

v.

**HARRELL; Zanders, Appellant.**

[Cite as *Woodford v. Harrell* (1992), 78 Ohio App.3d 216.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–717.

Decided Feb. 4, 1992.

*William J. Rees,* for appellees.

*Ric Daniell,* for appellant.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of Florence Zanders, from a judgment of the Franklin County Court of Common Pleas in favor of appellees, Stacy Woodford ("Woodford") et al. The facts underlying this lawsuit are as follows: In 1985, appellant, Florence Zanders ("Zanders"), and defendant Jimmie Harrell ("Harrell") found a house they wished to purchase. Harrell approached Woodford about obtaining the house. Woodford discovered that the bank owned the home and was only interested in selling it on cash terms. After some discussion, Woodford purchased the house. Zanders and her son entered into a real estate purchase contract with appellees on July 5, 1985. However, one of the terms of the contract was that appellant secure financing within thirty days or else the contract became null and void. Appellant did not obtain the financing.

Appellant made improvements to the house which were off-set monetarily by appellees. Appellant proceeded to make monthly payments to appellees until 1990. Woodford sent correspondence to the house trying to collect the overdue payments. When appellant failed to make monthly payments, appellees attempted to evict appellant and the co-defendant through an action filed in the Franklin County Municipal Court, in case No. M 9005CVG–016914. The verdict in that case was found in favor of appellant and the municipal court determined there was no oral rental agreement between the parties.

Subsequently, appellees filed the action herein in the Franklin County Court of Common Pleas pursuant to R.C. 1923.02(A), 5321.11 and 5321.17(B). The parties stipulated to the fact that Zanders was convicted of trafficking in marijuana, in violation of R.C. 2925.03. This was precipitated by the discovery of the Mifflin police that marijuana plants were being grown on the premises, which are the subject of this lawsuit.[1] In an April 18, 1991 judgment entry,

---

1. See *State v. Zanders,* case No. 89CR–06–2735(A).

the trial court rendered a judgment against Harrell, the co-defendant in this matter. The judgment ordered Harrell to return possession of the premises to appellees, terminate any legal or equitable interest he may have had in the property, and granted a default judgment in the amount of $6,568.83.

Thereafter, the matter proceeded to trial with Zanders as the sole defendant. The trial court rendered a directed verdict for appellees on all other claims and the jury discounted appellant's claim of fraud. The trial court determined there was no purchase contract between the parties and, therefore, found that appellant could be ejected from the premises. Furthermore, the trial court determined that appellees had the right of title and possession to the property and the issue of forcible entry and detainer was rendered as moot. The trial court dismissed appellant's malpractice claim presented under R.C. 4735.18. The trial court also dismissed appellant's request for specific performance, "there being no contracts or purchase contract," and stated that it could not enforce a nonexistent contract.

Appellant now asserts the following three assignments of error on appeal:

"First Assignment of Error

"The lower court committed error when it allowed into evidence testimony and records concerning the activities of the parties prior to the day that the verdict was rendered in the municipal court case.

"Second Assignment of Error

"The court committed error in dismissing the professional malpractice claim.

"Third Assignment of Error

"The lower court committed error when a directed verdict was granted."

In the first assignment of error, appellant asserts that the trial court erred when it allowed into evidence references to the time period prior to the municipal court verdict in case No. M 9005CVG–016914. Appellant argues, in essence, that the admission of such evidence was precluded under the doctrine of *res judicata* and was prejudicial to her case.

In examining the evidence, it is important to note that the record does not include the municipal trial court's judgment entry in case No. M 9005CVG–016914. Included in the record is a copy of the complaint and the jury's answer to the municipal court's interrogatory. The interrogatory posed the question "do you find that there was an oral rental agreement between plaintiff [Stacy Woodford] and defendant [Florence Zanders et al.]." Seven of the jurors responded, "No," while one juror responded, "Yes."

The trial court in the matter herein, in its May 8, 1991 judgment entry, acknowledged as follows:

"3. Moreover, the Court has already found that the issue of an oral rental agreement between Florence Zanders and Stacy Woodford was decided by the forcible entry and detainer action in the Franklin County Municipal Court and is therefore res judicata * * *."

The trial court instructed the jury that no money was owed to appellees by appellant, but ruled that evidence, testimony and documents related to the time period prior to the municipal court verdict could be admitted.

Black's Law Dictionary (5 Ed.1979) 1174 defines the doctrine of *res judicata* as:

"A matter adjudged; a thing judicially acted upon or decided; a thing or matter settled by judgment. Rule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action. Matchett v. Rose [ (1976) ], 36 Ill.App.3d 638, 344 N.E.2d 770, 779. And to be applicable, requires identity in thing sued for as well as identity of cause of action, of persons and parties to action, and of quality in persons for or against whom claim is made. The sum and substance of the whole rule is that a matter once judicially decided is finally decided. Massie v. Paul [ (1936) ], 263 Ky. 183, 92 S.W.2d 11, 14. See also *Res adjudicata, supra;* and, Collateral estoppel doctrine; Final decision rule; Issue preclusion."

Upon review, it should be noted that appellant did not submit into the record the municipal court's judgment entry which would have established the issues for preclusion in the matter herein. Even under a liberal interpretation, the only issue which the record sets forth that would be precluded in the matter herein is whether an oral rental agreement existed between the parties. Since this issue was not litigated in the matter herein, appellant's assertion has no substantive basis. The parties, in the instant case, were both trying to establish ownership rights to the property which is the subject of the matter herein. Appellant has failed to show the preclusion of any other issues through the doctrine of *res judicata.*

The trial court is vested with broad discretionary powers regarding the admission of evidence. See Evid.R. 402. Since appellant has failed to demonstrate that the trial court improperly litigated issues contrary to the doctrine of *res judicata* or admitted relevant evidence in contravention of Evid.R. 403, this court must defer to the trial court's ruling. Accordingly, appellant's first assignment of error is not well taken and is overruled.

█ In the second assignment of error, appellant asserts that the trial court erred in dismissing her professional malpractice claim under R.C. 4735.18.

R.C. 4735.18 lists thirty-four different scenarios by which a real estate broker or salesman, by engaging in such conduct, can be investigated and have a license revoked or suspended. Appellant has provided no case law which establishes professional malpractice for real estate agents as an actionable and cognizable cause of action in Ohio. In reviewing appellant's complaint, the only asserted claim which is remotely related to R.C. 4735.18 is her counterclaim for fraud. While the trial court dismissed appellant's claim for malpractice and issued a directed verdict on the remaining claims, it presented to the jury appellant's assertion of fraud. The jury found in favor of appellees on this issue and, upon this court's review, there is competent, credible evidence to support this determination. See *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273. Accordingly, appellant's second assignment of error is not well taken and is overruled.

In the third assignment of error, appellant asserts that the trial court erred when it directed a verdict on the issues of possession, ejectment and quieting of title. Civ.R. 50(A)(4) provides:

"When granted on the evidence. When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

Upon an examination of the record, there are no facts in evidence which would support appellant's contention that she purchased the property from appellees. The facts indicate that no down payment was ever tendered to appellees or to a financial institution. Furthermore, appellant's only application for a mortgage loan was rejected. Appellant never attended a closing on the property, never paid real estate taxes and was not listed as the owner of record in the county recorder's office, all indicia of ownership. If we assume, *arguendo*, that a real estate purchase contract existed between appellant and appellees, that contract would be unenforceable for the reason that the Statute of Frauds (R.C. 1335.04) prohibits the enforcement of a contract to purchase real estate unless such agreement is reduced to writing, properly executed and witnessed. Even when construing the evidence most strongly in appellant's favor, a directed verdict in this instance is warranted. Therefore, appellant's third assignment of error is not well taken and is overruled.

Appellant's first, second and third assignments of error are not well taken and are overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BOWMAN, P.J., and MARTIN, J., concur.

WILLIAM J. MARTIN, J., of the Carroll County Court of Common Pleas, sitting by assignment.