MITCHAM, Appellant,

v.

KINSCHNER et al., Appellees.

[Cite as *Mitcham v. Kinschner* (1996), 113 Ohio App.3d 514.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–95–366.

Decided Aug. 16, 1996.

*Sharon L. Griffin,* for appellant.

*Joseph P. Dawson,* for appellees.

*Per Curiam.*

Pursuant to 6th Dist.Loc.App.R. 12(C), this case is placed on the accelerated docket. Appellant, Yvonne Mitcham, initiated litigation when Habitat for Humanity, Maumee Affiliate ("Habitat"), appellee, sold to a third party a property appellant had believed she would be able to purchase from Habitat.

Appellant became involved with Habitat in 1989 and subsequently completed the required number of volunteer hours to become a "partner family" in 1990, which meant she was eligible to purchase a house from Habitat. In 1991, Habitat assigned the property located at 1833 Ottawa Drive to appellant on the basis that, among other considerations, her application for housing listed herself and three children as potential occupants. There was no lease agreement, purchase agreement, deed, or note entered into between appellant and Habitat in connection with this assignment.

As improvements to the house at 1833 Ottawa Drive took some time to complete, the house was not ready for occupants until August 1992. By this time, Habitat learned that appellant had four children in addition to herself as potential occupants, and because of building codes, the house could not be changed to meet the needs of appellant and four children. In October 1992, Habitat sold the property in dispute to another family, and appellant thereafter withdrew from participation with Habitat. Six months later, appellant demanded that Habitat convey title to the property to her. When Habitat did not comply with her demand, appellant brought this suit.

Habitat moved for summary judgment based upon the requirements of the Statute of Frauds, R.C. 1335.04. The trial court found that appellant has no writing to satisfy the requirements of the Statute of Frauds, and that the record contains nothing to suggest appellant falls within the exceptions allowed to the Statute of Frauds via promissory estoppel as delineated in *McCarthy, Lebit, Crystal & Haiman Co., L.P.A. v. First Union Mgt., Inc.* (1993), 87 Ohio App.3d 613, 622 N.E.2d 1093.

Appellant presents the following assignment of error regarding the trial court's grant of summary judgment for Habitat:

"The trial court erred as a matter of law, abused its discretion and ruled against the manifest weight of the available evidence when it granted summary judgment to appellees."

In support of her assignment of error, appellant argues that the writings attached to her complaint constitute evidence of compliance with the Statute of Frauds, and that other issues of fact exist which render the trial court's issuance of summary judgment erroneous. However, none of the other issues of fact

argued by appellant are material, and none establish any issue relating to exceptions to the Statute of Frauds.

R.C. 1335.04, which is Ohio's Statute of Frauds, provides:

"No lease, estate, or interest, either of freehold or term of years, or any uncertain interest of, in, or out of lands, tenements, or hereditaments, shall be assigned or granted except by deed, or note in writing, signed by the party assigning or granting it, or his agent thereunto lawfully authorized, by writing or by act and operation of law."

The Statute of Frauds prohibits the enforcement of a contract to purchase real estate unless the contract is reduced to writing. *Woodford v. Harrell* (1992), 78 Ohio App.3d 216, 220, 604 N.E.2d 226, 228. In this case, the writings in the record to which appellant directs the court's attention consist of copies of her letter to Habitat demanding title to the property and her check for a down payment, both dated April 27, 1993, and three different copies of Habitat's "President's Report," listing project assignments from June 1991 through February 1992. The record is void of any writing to evidence a contract or a purchase agreement between appellant and Habitat. Therefore, the trial court did not abuse its discretion by granting Habitat's motion for summary judgment. Appellant's assignment of error is accordingly found not well taken.

*Judgment affirmed.*

HANDWORK, GLASSER and SHERCK, JJ., concur.