DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Pike County Common Pleas Court judgment that overruled a Civ.R. 60(B) motion for relief from judgment filed by Sheryl Smith, n/k/a Sheryl Fielder, plaintiff below and appellant herein. The following errors are assigned for our review:
FIRST ASSIGNMENT OF ERROR:
"The Trial Court Had No Jurisdiction To Dismiss Appellant's Case After Judgment And A Remand To Recalculate Damages."
SECOND ASSIGNMENT OF ERROR:
"The Trial Court Abused Its Discretion By Not Granting Appellant's Civ.R. 60(B) Motion To Vacate Its July 3, 2002 Entry Dismissing Appellant's Case After Judgment And Affirmance."
 {¶ 2} In January of 1998, appellant took her car to appellee for repair work. Appellee kept the car for several months and, for one reason or another, did not complete the repairs. In May of 1998, appellant demanded that her car be returned. Appellee refused and would not return the car until appellant paid him what he claimed was due and owing for repairs and for a rental car that he had provided to her.
 {¶ 3} Appellant commenced the action below on September 17, 1998 and alleged conversion, trespass to chattel, breach of bailment and a violation of Ohio's Consumer Sales Practices Act (CSPA). She asked for compensatory damages in excess of $9,000 and punitive damages in excess of $19,000.[1] Appellee denied the allegations and filed a counterclaim that appellant owed him $2,175[2] for storage and repairs.
 {¶ 4} The matter came on for trial by deposition and stipulated exhibits. Several months later, the trial court rendered a decision in appellant's favor. The court found that appellee committed numerous CSPA violations and that appellant was entitled to damages in the amount of $3,807.40. This amount was trebled pursuant to statute for a total award of $11,422.20. Because of appellee's numerous CSPA violations, the court found that appellee was not entitled to anything on his counterclaim. The trial court entered final judgment on May 30, 2000 and awarded appellant $11,422.20 in compensatory damages and ordered that the vehicle be returned to her.
 {¶ 5} On appeal, this court affirmed the trial court's judgment with respect to liability but reversed on the issue of damages. See Smithv. Stacy (Jun. 19, 2001), Pike App. No. 00CA648 (Smith I). Specifically, we held that the trial court should not have ordered the vehicle returned to appellant because (1) she did not request relief in replevin and (2) such relief was redundant given that she was awarded compensatory damages for the value of the car. We also held that the court should have calculated damages for each individual CSPA violation and should not have included the value of personal property inside the vehicle in its damage calculations. Consequently, the case was remanded for recalculation of damages.
 {¶ 6} A hearing was scheduled for January 30, 2002. Appellant, however, did not appear at the hearing. On July 3, 2002, the trial court filed an entry and ordered the case dismissed. No appeal was taken from that judgment. Instead, on July 25, 2002 appellant filed a motion for relief from the dismissal and argued that her counsel had withdrawn from representation and that the hearing notice, which was mailed to her personally, was sent to a wrong address.[3] Thus, appellant concluded, she did not know of the hearing and her failure to appeal was the result of excusable neglect. She also asserted that because the court's previous findings on the issue of liability had been affirmed by the appellate court on direct appeal, the court should not have dismissed the entire case.
 {¶ 7} On October 24, 2002, the trial court filed an entry and denied appellant's motion for relief from judgment. The court explained that it sent the notice of hearing to the address that was listed for appellant on her complaint. The court noted that it had "no knowledge of why the [appellant] supplied [it] with an address which was non-existent or incorrect." Her "carelessness" in not reading the complaint or in not keeping the clerk apprised of her correct address, the court concluded, was not "excusable neglect" such that would warrant relief from the previous judgment. This appeal followed.
 {¶ 8} We first address, out of order, the second assignment of error wherein appellant argues that the trial court erred in not granting her relief from its previous dismissal. We agree.
 {¶ 9} Our analysis begins with the proposition that in order to prevail on a Civ.R. 60(B) motion, the movant must establish (1) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through(5); (2) the existence of a meritorious claim or defense to present if relief is granted; and (3) that the motion is made within a reasonable time which, for those grounds set forth in Civ.R. 60(B)(1)-(3), means not more than one year after judgment. See State exrel. Richard v. Seidner (1996), 76 Ohio St.3d 149, 151, 666 N.E.2d 1134,1136; Svoboda v. Brunswick (1983), 6 Ohio St.3d 348, 351, 453 N.E.2d 648,651; GTE Automatic Elec., Inc. v. ARC Indus., Inc. (1976),47 Ohio St.2d 146, 351 N.E.2d 113, at paragraph two of the syllabus. A failure to establish any one of these criteria will cause the motion to be overruled. See Strack v. Pelton (1994), 70 Ohio St.3d 172, 174,637 N.E.2d 914, 915; Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20, 520 N.E.2d 564, 566. With this in mind, we turn our attention to the proceedings below.
 {¶ 10} There is no question that appellant satisfied the second and third criteria for relief. Appellant clearly has a meritorious claim to present — after all, the trial court already found in her favor on the merits of her claim against appellee. We also readily conclude that her motion was filed in a reasonable amount of time. The dismissal was entered on July 3rd and she filed her motion on July 25th. Whether a Civ.R. 60(B) motion is filed in a reasonable amount of time depends on the unique facts of an individual case. See Browning v. OakwoodManagement Co., Franklin App. No. 02AP-1136, 2003-Ohio-2142, ¶ 14;Dickson v. British Petroleum America, Inc., Cuyahoga App. No. 80908, 2002-Ohio-7060, ¶ 10; Rezack v. Rezack, Summit App. No. 20874, 2002-Ohio-3989, ¶ 12. Appellant filed her motion below approximately three weeks after the dismissal of her complaint which, in light of the facts of this case, is undoubtedly reasonable.
 {¶ 11} Finally, we believe that appellant was entitled to relief under the catch-all category of Civ.R. 60(B)(5).[4] This provision reflects the inherent power of a court to relieve a person from the unjust operation of a judgment. The grounds for invoking it, however, must be substantial. Volodkevich v. Volodkevich (1988), 35 Ohio St.3d 152,154, 518 N.E.2d 1208; Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, 448 N.E.2d 1365, at paragraphs one and two of the syllabus. Given the highly unusual facts and circumstances of this case, we believe there are two grounds for invoking relief under Civ.R. 60(B)(5).
 {¶ 12} First, we note that the merits of appellant's claim(s) had already been decided by the trial court. That decision was then affirmed by this Court on appeal. The trial court's subsequent dismissal of the case on its merits appears to be legally indefensible under either the doctrine of res judicata or the doctrine of law of the case.
 {¶ 13} Res judicata is defined as a thing or matter settled by judgment. Black's Law Dictionary (5th Ed. 1979) 1174. The principle of res judicata holds that a final judgment on the merits is conclusive as to the rights of the parties; that is, once a matter is judicially decided, it is finally decided. See Woodford v. Harrell (1992),78 Ohio App.3d 216, 219, 604 N.E.2d 226; Karnes v. Karnes (Aug. 17, 2001), Athens App. No. 00CA53. In the case sub judice, the trial court had already determined appellee's liability. That determination was affirmed on appeal. The matter was res judicata and the trial court did not have the authority to enter judgment inconsistent with that ruling when the case was returned to the trial court on remand.
 {¶ 14} Similarly, the law of the case doctrine holds that the decision of a reviewing court remains the law of the case for all subsequent proceedings in the case at both trial and appellate levels. InDefense of Deer v. Cleveland Metroparks (2000), 138 Ohio App.3d 153,161, 740 N.E.2d 714; Shimko v. Lobe, Franklin App. No. 02AP-872, 2003-Ohio-2200, ¶ 24; Donnelly v. Kashnier, Medina App. No. 02CA51-M, 2003-Ohio-639, ¶ 25. This Court held in Smith I that sufficient evidence existed to find appellee liable for CSPA violations. That holding was binding in all subsequent proceedings in this matter — including proceedings on remand — and the trial court did not possess the authority to alter or to change that holding by dismissing the case.
 {¶ 15} We further emphasize that the trial court did not have the discretion to disregard the mandate of this Court in Smith I. See Stateex rel. Heck v. Kessler (1995), 72 Ohio St.3d 98, 102, 647 N.E.2d 792;Nolan v. Nolan (1984), 11 Ohio St.3d 1, 462 N.E.2d 410, at the syllabus. Our mandate in Smith I was simply to recalculate damages. The trial court was not authorized to dismiss the case or to take any action inconsistent with that directive or our prior ruling affirming that appellee was liable to appellant for CSPA violations. Extraordinary relief from this extraordinary judgment was therefore warranted under Civ.R. 60(B)(5).
 {¶ 16} Our second reason for finding that Civ.R. 60(B)(5) should be invoked is that even if the trial court had the authority to dismiss the case on its merits, that dismissal was procedurally flawed. In the case sub judice, the trial court's dismissal resembles one imposed for the failure to prosecute pursuant to Civ.R. 41(B)(1). We have held that cases cannot be dismissed for that reason without first giving notice of the intended dismissal. See In re Atkins (1990), 67 Ohio App.3d 783,786, 588 N.E.2d 902; Carver v. Map Corp. (Sep. 18, 2001), Scioto App. No. 01CA2757; In re Hall (Mar. 3, 1998), Ross App. No. 97CA2305. We have found nothing in the record to indicate that appellant was provided notice of the intended dismissal and, thus, the court's action was improper. This too would warrant relief under Civ.R. 60(B).
 {¶ 17} We acknowledge that a Civ.R. 60(B) motion for relief from judgment is committed to the sound discretion of the trial court and that the court's decision should not be disturbed absent a showing of an abuse of discretion. See State ex rel. Russo v. Deters (1997), 80 Ohio St.3d 152,153, 684 N.E.2d 1237; Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77,514 N.E.2d 1122; Moore v. Emmanuel Family Training Ctr. (1985),18 Ohio St.3d 64, 66, 479 N.E.2d 879. However, in light of the discussion above, we believe that the trial court should have granted relief from its July 3, 2002 judgment. Accordingly, we hereby sustain appellant's second assignment of error.
 {¶ 18} Having sustained the second assignment of error, appellant's first assignment of error is rendered moot and can be disregarded pursuant to App.R. 12(A)(1)(c). Therefore, we hereby reverse the trial court's judgment and remand this case for further proceedings, including a recalculation of the damages.
JUDGMENT REVERSED AND CASE REMANDED FOR FURTHERPROCEEDINGS.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed, that the case be remanded for further proceedings and that appellant recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J., Harsha, J. Kline, J.: Concur in Judgment Opinion
[1] Appellant later filed an amended prayer for relief and asked, inter alia, for $22,000 in compensatory damages.
[2] The record indicates appellant did not immediately reply to the counterclaim. Although she did seek leave to file a reply out of rule, which leave was granted on August 16, 1999, it does not appear that she filed a reply.
[3] Appellant was represented below by Southeastern Ohio Legal Services. Apparently, during the course of her first appeal, she became financially ineligible for any further representation and, thus, her counsel withdrew. The hearing notice was therefore sent to her personally as a pro se litigant.
[4] Because we confine our analysis to subsection (B)(5) of Civ.R. 60, we need not, and do not, address whether appellant's failure to appear at the January 30, 2002 hearing was the result of excusable neglect under subsection (B)(1).