THACKER, Appellee,

v.

THACKER, Appellant.

[Cite as *Thacker v. Thacker* (1991), 74 Ohio App.3d 348.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58496.

Decided May 28, 1991.

*Jack Abel,* for appellee.

*Sanford I. Atkin,* for appellant.

BLACKMON, Judge.

This appeal raises the issue of whether the domestic relations division of the court of common pleas abused its discretion in its denial of the defendant-appellant's motion to terminate alimony. We hold that the trial court did not abuse its discretion and affirm the decision not to grant the motion to terminate alimony.

The parties were married on October 7, 1965. Three children, all emancipated at the time of appellant's motion to terminate, were born to this marriage. The parties were divorced in February 1972. The judgment entry in the divorce ordered alimony to be paid to the appellee in the amount of $50 per week in child support for each of the minor children.

In 1986, the domestic relations court modified the appellant's alimony obligation to $25 per week. The appellant was also found to be in arrears on his child support payments in the amount of approximately $18,000.

In 1987, the domestic relations court ordered a continued payment of $25 per week in alimony.

In 1989, the judgment was entered from which the defendant-appellant now appeals. As a result of the trial court's decision, the appellant's motion to terminate alimony was denied. He was ordered to continue making alimony payments of $25 per week to the appellee and $25 per week on the back child support balance of approximately $16,300.

█ The sole issue raised in this appeal is the trial court's denial of the appellant's motion to terminate the alimony payment of $25 per week. For his assignment of error, the appellant alleges:

"The trial court abused its discretion in denying the defendant's motion to terminate alimony as the circumstance[s] since the parties' divorce justify termination of alimony payments."

Being unable to conclude from the record that a substantial change in circumstances exists, we overrule this assignment of error.

R.C. 3105.18(D) states in pertinent part that "the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony *unless the court determines that the circumstances of either party have changed* * * *." (Emphasis added.)

In the case of *Leighner v. Leighner* (1986), 33 Ohio App.3d 214, 515 N.E.2d 625, the Franklin County Court of Appeals very clearly set forth the appropriate analysis with respect to modification of an alimony award.

"The threshold determination before a sustenance alimony award can be modified requires a finding of substantial change in circumstances. *Only*

*after a substantial change in circumstances is found can the trial court consider whether or not the existing order should be modified."* (Emphasis added). *Id.* at 214, 515 N.E.2d at 626.

Consequently, the threshold determination in the instant appeal must be whether there was a substantial change in circumstances of either party. "Where modification of an existing order for the payment of sustenance alimony is requested, the threshold determination is whether the order *can* be modified, which requires a finding of a change in circumstances since the order was entered. The change in circumstances must be substantial and must be such as was not contemplated at the time of the prior order." *Id.* at 215, 515 N.E.2d at 627.

With respect to the parties, the appellant's income at the time of the hearing was $37,500 per year. During the last five years, the appellant has missed quite an amount of time from work due to health reasons. His occupation as an iron worker is seasonal; consequently, he works approximately eight months per year. The appellant is remarried and he and his wife purchased a home in 1987. There are two children as a result of this marriage and two foster children in the home as well. The appellant's monthly expenses have increased approximately $800, while his income has increased substantially since the last modification.

The appellee has an eleventh grade education. Her annual income is $8,840 per year. She works two jobs, one as a food promoter and the other at a Zenith Plastics Company. This position does not afford her any medical benefits or possibility of promotion. In addition, she pays the rent and utilities for herself and one adult daughter.

These circumstances did not appear to the trial court to be substantial enough to constitute grounds to modify the alimony payments from appellant to appellee. They do not appear to be substantial enough to this reviewing court either. The changes in the life of the appellant, even though causing him to incur additional debt, are voluntarily assumed.

This court, in the case of *Shanley v. Shanley* (1989), 46 Ohio App.3d 100, 546 N.E.2d 477, held that a court does not abuse its discretion in overruling a motion to modify alimony payments when the alleged inability to pay support stems from the obligor's voluntary decision to incur additional debt.

The authority of *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 554 N.E.2d 83, relied on by the appellant in his supplemental brief, is arguably in favor of the appellee and somewhat distinguishable. In *Kunkle*, at 69, 554 N.E.2d at 88, the Ohio Supreme Court states that "if under reasonable circumstances a

divorced spouse does not have the resources, ability or potential to become self-supporting, then an award of sustenance alimony for life would be proper." (Emphasis deleted.)

An annual income of $8,840, along with an eleventh grade education, are probably not resources for a forty-two-year-old woman to become anymore self-supporting than she already is. At forty-two years old and with an eleventh grade education, the appellee is demonstrating maximum ability at present to try to be self-supporting. She is still at a poverty level existence. Finally, it cannot be convincingly argued that appellee is not presently maximizing her potential to be self-supporting. In addition, *Kunkle* was a case where the alimony was being set at the time of the divorce. In the instant case, the alimony was originally awarded almost twenty years ago.

■ An appellant must show that an award of sustenance alimony is unreasonable, arbitrary, or unconscionable before a reviewing court may overturn that award. *Kahn v. Kahn* (1987), 42 Ohio App.3d 61, 536 N.E.2d 678.

In the instant appeal, the motion to terminate the alimony is the equivalent of a motion to modify. In denying the motion, the trial court continued an award of alimony. The standard we must use, in reviewing this decision, is whether the trial court abused its discretion. On these facts and the total circumstances, we find nothing unreasonable, arbitrary, or unconscionable about the trial court's decision to overrule the appellant's motion to terminate alimony.

*Judgment affirmed.*

PATTON, P.J., and SPELLACY, J., concur.