The following appeal arises from the decision of the Mahoning County Court of Common Pleas, Domestic Relations Division, denying Gregory Rochow's request for a downward modification in spousal support. For the reasons set forth below, the decision of the trial court is hereby affirmed.
 I. FACTS
Gregory Rochow (appellant) and Lynda Lee Rochow (appellee) were married on February 15, 1975. No children were born unto the marriage. On February 6, 1989, appellee filed a complaint for divorce in the Mahoning County Court of Common Pleas, Domestic Relations Division, asserting extreme cruelty and gross neglect as grounds for the complaint. An answer to said complaint was filed by appellant on February 24, 1989, denying all allegations and additionally moving for a dismissal of the complaint for failure to file appropriate pleadings to support appellee's claims.
Appellant's motion to dismiss was ultimately denied and the trial court granted appellee's request for divorce on February 21, 1990. As part of the divorce decree, the trial court granted spousal support to appellee in the sum of Eight Hundred and Fifty Dollars ($850.00) per month, at the rate of Four Hundred Twenty-Five Dollars ($425.00) per pay plus poundage. Payments of spousal support were ordered to continue until such time as appellee chose to cohabitate with an unrelated male, resumed full time employment or became deceased. Additionally, the trial court held that spousal support could only be modified if changed circumstances are found to warrant modification and said changes are material and are not brought about by the moving party solely for the purpose of seeking such modification.
On June 29, 1992, appellant filed a motion to decrease the award of spousal support due to a change in circumstances since the date of the court's original order. Appellee responded by filing a motion for an increase in the award of spousal support on July 17, 1992. A hearing was held before a referee to address both motions. On October 30, 1992, the referee determined that appellant s financial situation was a direct result of voluntarily assuming additional debt. Furthermore, it was found that appellee was unable to sustain any decrease in the amount of spousal support she received. Consequently, through his October 30, 1992 report the referee recommended that both appellant's and appellee's motions be overruled. Appellant filed written objections to the referee's report on November 13, 1992. However, after a hearing on the objections to the report, the trial court chose to overrule the objections and adopt the referee's report as its own on November 16, 1992. Amended objections to the referee's report filed by appellant were similarly rejected.
On October 9, 1996, appellant filed a second motion for a downward modification of spousal support. After a hearing on the matter on January 24, 1997, the domestic relations magistrate filed his decision suggesting that appellant's motion be denied on the basis that any change in circumstances experienced by appellant was a result of his own voluntary actions. On February 6, 1997, appellant filed timely objections to the magistrate's decision. Nonetheless, the trial court adopted the magistrate's report as its own on February 7, 1997. Appellant attempted to have the trial court revisit its decision by filing a motion to vacate the adoption of the magistrate's report on February 24, 1997. The trial court held a hearing on the objections and appellant's motion to vacate on April 3, 1997. After further review of the matter, the trial court overruled appellant's objections, adopted the decision of the magistrate and thereby overruled the motion to vacate. A timely notice of appeal was subsequently filed by appellant.
 II. ASSIGNMENT OF ERROR
Appellant's sole assignment of error on appeal reads:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN ADOPTING THE MAGISTRATE'S DECISION WHICH DENIED APPELLANT'S MOTION FOR DOWNWARD MODIFICATION OF SPOUSAL SUPPORT DUE TO APPELLANT'S CHANGE IN CIRCUMSTANCES"
Appellant argues that the evidence submitted established that an involuntary change of circumstances occurred subsequent to the initial award of spousal support which warranted a downward modification. Therefore, it is alleged that the trial court abused its discretion when it refused to grant any modification. In support of his position, appellant argues that his change in employment, decreased earning capacity and increased expenses established a sufficient change in circumstances to justify a decrease in the spousal support payments. Appellant points to the steady decrease in income he experienced from 1990 to 1996 during which time he worked for three different tire companies. This decrease is attributed to a more competitive tire market which appellant argues caused him to eventually leave the tire industry and seek employment as a carpenter. Additionally, appellant points to an increase in expenses during this period of time which caused a decrease in available income.
Appellant also argues that the magistrate erroneously considered profit derived from the sale of a parcel of real estate when he decided to deny the motion for a modification in spousal support. In that appellee waived any claim to the real estate in the original divorce decree, appellant contends that any profit realized from the sale of such was irrelevant in calculating income for spousal support purposes. Based on the combination of these factors, appellant argues that the trial court should have found an involuntary change of circumstances which warranted a downward modification of his obligation to pay spousal support.
 A. APPLICABLE LAW
A motion to modify a previous award of spousal support is subject to the constraints of R.C. 3105.18(E) and (F) which state in relevant part:
 "(E) If a continuing order for periodic payments of money as alimony is entered in a divorce or dissolution of marriage action that is determined on or after May 2, 1986, and before January 1, 1991, * * * the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:
 (1) In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.
* * *
 (F) For purposes of division (D) and (E) of this section, a change in circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." (Emphasis added.)
At the outset, we note that a trial court is generally afforded wide latitude when deciding spousal support issues. Bolinger v.Bolinger(1990), 49 Ohio St.3d 120, 122. Where the issue is a modification of a prior spousal support order, the initial threshold question is whether the trial court reserved jurisdiction in its initial determination to modify the spousal support provisions. Wolding v. Wolding(1994), 82 Ohio App.3d 235,239. If such a reservation of jurisdiction has been made, a trial court may address modification of spousal support requests. On appeal, a trial court's decision on modification issues will be reviewed under the abuse of discretion standard. Booth v.Booth(1989), 44 Ohio St.3d 142, 144. "Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable." Tracy v. Merrell-Dow Pharmaceuticals. Inc.
(1991), 58 Ohio St.3d 147, 152. When applying the abuse of discretion standard of review, an appellate court may not freely substitute its own judgment for that of the trial court. In reJane Doe 1(1991), 57 Ohio St.3d 135, 138.
 B. ANALYSIS
Upon a review of the record, this court must hold that the trial court did not err when it adopted the magistrate's findings as its own. A review of the magistrate's decision finds that it was based upon the following determinations of fact:
 "In the case at bar, Mr. Rochow voluntarily incurred additional debt since his divorce by purchasing the above found new vehicle and the condominium * * * That his remarriage in May of 1993, and the subsequent adoption of his current wife's son, Sean, are all voluntary acts which may very well increase his monthly expenses, however, cannot be used to justify a decrease in spousal support pursuant to the current law.
 That also, Mr. Rochow's decrease in income as found above was clearly voluntary in nature. He voluntarily left the tire sales business after several years of service to become a carpenter presumably knowing that his income would decrease in the present and at least until he became established in this new field. * * * Since it was further found that Mr. Rochow sold a partial [sic] of real estate and realized a profit of between $5,000 and $10,000 in 1996, just a matter of weeks before this hearing. In addition thereto, it must be noted for the record that in addition to his own income, he has available the income of his current wife which could be utilized toward paying some of his joint living expenses.
 As to Ms. Flynn's [Rochow's] situation, not only does she not have the benefit of shared living expenses, it is quite clear from her testimony and the above findings that her gross annual income is approximately the same as it was at the time of the parties' divorce and that her rather modest expenses have not increased much during the interim time until the date of this hearing * * *."
Although the record does reflect that appellant did experience a decrease in his income from the date of the initial spousal support determination to the request for a modification of such in 1996, this decrease can be largely attributed to appellant's voluntary actions. Appellant's own testimony revealed that he had been employed by Spencer Tire from 1981 until March of 1995, at which time he voluntarily quit to work for Smetzer Tire. Upon being dismissed from Smetzer Tire in August of 1995, appellant went to work for Mighty Tire for approximately one year. While appellant attributes his decrease in annual income to the more competitive tire market, he acknowledges at hearing that when he switched tire companies he was forced to give up many of his better accounts. This in turn led to appellant being left with accounts which were "mediocre or dogs and so * * * commissions were dropped off considerably." (Tr. at 12). In the event appellant had stayed with Spencer Tire, the company he had been with for fourteen years, he would have retained his best accounts and therefore would not have suffered such a decrease in commissions. As such, the initial decline in income is attributable to appellant's voluntary action of leaving Spencer Tire and thus suffering a loss in commissions.
Appellant then made a second voluntary change in employment in August of 1996 which again resulted in a decline in annual income. Rather than continuing in the tire industry, appellant chose to enter the construction industry as a carpenter. Upon obtaining his initial position as a carpenter, appellant voluntarily entered into employment which resulted in a further decrease in annual income. Furthermore, appellant subjected himself to the potential layoffs which frequently occur in the construction industry during the off-season.
As R.C. 3105.18(E) and (F) clearly indicate, a modification in spousal support payments is only warranted when a change of circumstances occurs. Additionally, when the alleged change of circumstances is a decrease in the annual income or wages of the obligor, said decrease must be determined to be involuntary in nature. Having determined that appellant voluntarily chose to sustain a decrease in income on two occasions, we cannot hold that the trial court acted unreasonably, arbitrarily or unconscionably in refusing to grant a downward modification of spousal support payments.
Appellant makes the additional argument that a change of circumstances occurred due to an increase in debt and expenses which resulted in a decrease in disposable annual income. Appellant points to the fact that he remarried in May of 1993 and subsequently adopted his new wife's son. Additionally, appellant purchased a condominium in 1993 and has also purchased a new vehicle. Despite appellant's increased expenses and additional accumulation of debt, he has still failed to persuade this court to hold that the trial court abused its discretion. It is clear from the record that any increase in expenses and/or debt on the part of appellant was voluntarily assumed. A voluntary decision to incur additional debt is not grounds for a downward modification of spousal support. Thacker v. Thacker(1991),74 Ohio App.3d 348, 350, citing Shanley v. Shanley(1989),46 Ohio App.3d 100. In that no evidence is of record to illustrate that any of appellant's increase in expenses or debt was involuntary in nature, we must hold that the trial court correctly refused to give these factors any weight in its determination not to modify spousal support payments.
Finally, appellant has argued that it was an abuse of discretion for the trial court to consider income derived from the sale of a parcel of real estate when calculating income for spousal support purposes. However, in light of our determination that the trial court properly found that any change in circumstances was voluntary, this matter is irrelevant. In that no involuntary change in circumstances has been shown, any reliance upon the income from the real estate sale was harmless error at best.
For the foregoing reasons, it cannot be held that the trial court abused its discretion. While the trial court had properly reserved jurisdiction to consider modifications of spousal support, appellant was unable to establish the requisite change in circumstances to warrant a modification. It would have been extremely inequitable for the trial court to characterize appellant's voluntary actions as a change of circumstances justifying a modification in spousal support.
For the foregoing reasons, the decision of the trial court is hereby affirmed.
Cox, P.J., concurs.
Waite, J., concurs.
APPROVED:
 ___________________________________ JOSEPH J. VUKOVICH, JUDGE