CARLISLE, Appellant,

v.

CARLISLE, Appellee.

[Cite as *Carlisle v. Carlisle*, 180 Ohio App.3d 569, 2009-Ohio-215.]

Court of Appeals of Ohio,
Fourth District, Lawrence County.

No. 08CA16.

Decided Jan. 15, 2009.

Vincent A Dugan Jr., for appellant.

Brigham M. Anderson, for appellee.[1]

McFARLAND, Judge.

{¶ 1} This is an appeal from a judgment by the Lawrence County Court of Common Pleas denying appellant Charles Carlisle's motion for modification of spousal support. Appellant contends that the trial court erred (1) in dismissing his motion to modify spousal support and (2) in not allowing him to present any evidence showing a change in circumstances. Based upon the facts before us, we agree with the trial court's conclusion that appellant's motion for modification was barred by the doctrine of res judicata. Therefore, we cannot conclude that the trial court abused its discretion in denying appellant's motion for modification of spousal support without holding an evidentiary hearing. Accordingly, we affirm the decision of the trial court.

## FACTS

{¶ 2} The trial court entered a decree of divorce in the case sub judice on February 21, 2001, which ended the parties' 35–year marriage. In the decree, the trial court ordered appellant to pay appellee spousal support in the amount of $1,000 per month, and also ordered that appellee receive a portion of appellant's

---

1. Different counsel represented appellee during the proceedings below.

Tier II railroad retirement benefits. The decree, which was prepared by appellant's divorce counsel, specifically set forth the following with respect to the Tier II railroad retirement benefits and spousal support:

3) That defendant [Appellee herein] shall be entitled to one-half of plaintiff's [Appellant herein] Tier II Railroad Retirement. Provided however should the Defendant receive a divorce spouse's pension there shall be a dollar for dollar offset against her one-half of Tier II Retirement benefits. A Qualified Domestic Relations Order may issue for whatever her share of Tier II Retirement benefits not offset by the divorce spouse pension.

4) That plaintiff shall pay to defendant the sum of $1,000.00 per month as and for spousal support which shall be paid directly to her; however, in the event that he fails to pay said spousal support, defendant shall be entitled to request that a deduction order be issued through the Lawrence County Child Support Enforcement Agency. Provided however should defendant receive payment from the Social Security [sic] as caretaker for her disabled and ill son, then there shall be an offset against the spousal support award herein of $1,000.00 per month. The court agrees to maintain continuing jurisdiction in reference to the spousal support obligation, and Tier II Railroad Retirement award in Item 3 above and should there be a material change in circumstances the parties agree that the court may revisit this issue as to offsets mentioned in Item 3 and 4 herein.

{¶ 3} On August 10, 2006, appellee filed a motion in contempt as a result of appellant's decision to reduce the amount of spousal support he was paying from $1,000 to $454 per month, apparently as a result of the fact that appellee began to receive a divorced spouse's pension in the amount of $546.44 per month. In that motion, appellee argued to the court that appellant was improperly offsetting the divorced spouse's pension against the spousal support, rather than the Tier II retirement benefits, as provided for in the divorce decree. Further, that motion also requested a lump sum payment for Tier II railroad retirement benefits that appellant had been receiving since his retirement, half of which should have been paid to appellee in accordance with the divorce decree.

{¶ 4} Appellant responded to this motion with a memorandum contra, as well as a "motion to modify alimony," both of which were filed on August 22, 2006. Appellant represented to the court that he was actually retired at the time of the final divorce hearing and claimed that he was entitled to a modification of the spousal-support award "due to Defendant receiving a divorced spouse pension beginning January 1, 2006." In that motion, appellant argued that the award of spousal support "permits offsets for divorced spouse pension and for any Social Security that Defendant might receive as a caretaker for her disabled and ill son," and argued that the trial court expressly reserved jurisdiction over the

spousal support and offsets.[2] This motion was prepared and filed by the same counsel that represented appellant during the divorce proceedings, which also prepared the divorce decree ultimately approved by the trial court.

{¶ 5} A hearing was held on the motions on August 23, 2006. At the hearing, appellant briefly testified, but offered no testimony directly related to the issue of modification of spousal support. However, counsel for both parties argued the motions pending before the court. Appellant's counsel argued that there had been a material change in circumstances in that appellee began receiving a divorced spouse's pension. He also argued that the amount of the spousal support was set at $1,000 per month in order that appellee could secure health insurance, which he stated appellee was now receiving through railroad retirement, arguing that this too was a change in circumstances. We note that although a review of the transcript from the final divorce hearing does indicate that the parties discussed the need for appellee to secure health insurance with part of the spousal-support payment, no such language was incorporated into the final divorce decree, which, again, was prepared by appellant's counsel.

{¶ 6} After hearing arguments by counsel for both parties, the magistrate overruled appellant's motion for modification from the bench. A magistrate's decision and recommendation overruling the motion was issued on August 29, 2006, in response to which appellant filed objections to the magistrate's decisions and recommendations on September 11, 2006. On September 28, 2006, appellant's then counsel filed a motion to resign, citing appellant's failure to cooperate and failure to pay him for his services. That motion was granted on October 5, 2006, and on the same day a notice of substitution of counsel was filed, indicating that appellant's current counsel, Vincent Dugan Jr., would be representing appellant.

{¶ 7} On October 13, 2006, the trial court entered a judgment overruling appellant's objections, denying his motion for modification, and granting judgment in favor of appellee on her motion for lump-sum back payment of the Tier II retirement benefits, as well as the spousal-support arrearage. Appellant did not appeal this judgment, but instead filed another motion for modification of spousal support on November 2, 2006. The memorandum in support of the motion again alluded to a change in circumstances related to appellee's receipt of railroad retirement benefits and also stated that "additional facts and financial circumstances" would be presented to the court to demonstrate a change in circumstances warranting a reduction in the monthly spousal support.

---

2. Although appellee's appellate counsel briefly disputes the trial court's reservation of jurisdiction over the issue of spousal support, it is clear that the decree contains an express reservation of jurisdiction over the issue of spousal support.

{¶ 8} A hearing was held on the motion on January 31, 2008, after a nearly 14–month delay, which is inexplicable from our review of the record. A magistrate's decision was subsequently issued on March 4, 2008, denying appellant's request for modification of spousal support. In its judgment entry, the magistrate explained its reasoning, stating:

> When asked what was different between the original motion and the motion that was to be addressed at this most recent hearing (January 31, 2008), it was advised that previous counsel had presented no evidence. While that may be true the issues were nonetheless the subject matter of a final appealable order of October 13. Accordingly, it is hereby considered that plaintiff's motion is a request for a second bite at the apple, and is denied.

In response, appellant filed objections to the magistrate's decision on March 19, 2008, which were overruled by the trial court in an entry dated April 29, 2008.[3] It is from this entry that appellant filed his appeal, assigning the following errors for our review.

## ASSIGNMENTS OF ERROR

I. The trial court erred in dismissing plaintiff-appellant's motion to modify spousal support.

II. The trial court erred in not allowing plaintiff-appellant to present any evidence showing a change in circumstances.

## LEGAL ANALYSIS

{¶ 9} Because appellant's assigned errors are interrelated, we address them together for ease of analysis. Appellant essentially contends that the trial court erred in dismissing his second motion to modify spousal support and in doing so without holding an evidentiary hearing. However, in order to address the issues raised by appellant, we must consider not only the denial of his November 2, 2006 motion for modification, but also the denial of his previous motion for modification, which was filed on August 22, 2006. Though not expressly set forth, in denying appellant's August 22, 2006 motion, the magistrate found, and the trial court agreed, that appellant had not demonstrated sufficient changed circumstances to justify a downward modification of the spousal support contained in the agreed divorce decree.

---

**3.** Although this entry directed appellee's then counsel to prepare a final, appealable order signed by both counsel, no such entry was prepared or filed until July 1, 2008, well after the filing of appellant's notice of appeal. Once filed, the judgment entry stated that the "motion was denied by Magistrate Kehoe without conducting a hearing upon the basis of res adjudicata." The entry was prepared by appellant's current counsel, rather than by appellee's trial counsel.

{¶ 10} The party seeking a modification of spousal support has the burden of proving a changed circumstance justifying a change in the level of spousal support. *Joseph v. Joseph* (1997), 122 Ohio App.3d 734, 736, 702 N.E.2d 949; see also *Blunden v. Blunden* (May 26, 1994), Cuyahoga App. No. 65595, 1994 WL 236223 (party seeking reduction must present clear and convincing evidence of an inability to pay spousal support). The "changed circumstances" analysis is a threshold inquiry that the court must make before the court considers the appropriateness of the current spousal-support order. *Thacker v. Thacker* (1991), 74 Ohio App.3d 348, 350, 598 N.E.2d 1183; *Leighner v. Leighner* (1986), 33 Ohio App.3d 214, 215, 515 N.E.2d 625. The trial court is afforded wide latitude in determining spousal-support issues, including issues regarding the modification of spousal support. *Bolinger v. Bolinger* (1990), 49 Ohio St.3d 120, 122, 551 N.E.2d 157; *Carnahan v. Carnahan* (1997), 118 Ohio App.3d 393, 397, 692 N.E.2d 1086. An appellate court will not reverse a determination on spousal support unless the trial court has abused its discretion. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 218, 5 OBR 481, 450 N.E.2d 1140; *Foster v. Foster* (Sept. 23, 1997), Athens App. No. 96 CA 1767, 1997 WL 583567. Under the abuse-of-discretion standard of review, we will affirm the trial court's judgment unless the decision is unreasonable, arbitrary, or unconscionable. *Blakemore* at 219, 5 OBR 481, 450 N.E.2d 1140; *Masters v. Masters* (1994), 69 Ohio St.3d 83, 85, 630 N.E.2d 665. In making this highly deferential review, an appellate court may not freely substitute its judgment for that of the trial court. *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 137–138, 566 N.E.2d 1181.

{¶ 11} The trial court's October 13, 2006 judgment denying appellant's initial motion for modification of spousal support based upon appellee's receipt of a divorced spouse's pension was a final and appealable order. This denial and implicit finding that such an event did not constitute a change in circumstances was not appealed and therefore became the law of the case. *Dawson v. Dawson* (August 21, 2000), Stark App. No. 2000CA00049, 2000 WL 1275240. Although the trial court did not afford appellant a full evidentiary hearing on his subsequent motion for modification, a hearing did apparently take place on January 31, 2008. As set forth above, when the magistrate inquired as to the difference between the previously denied motion for modification and the new motion for modification, appellant's counsel cited no difference, except for the fact that previous counsel had failed to present evidence in support of that motion. Based upon these facts, and also based upon the time proximity of the filing of the second motion for modification, which was successive in nature, we agree with the trial court's determination that appellant's second motion for modification of spousal support, based upon the same alleged change in circumstance, was barred by the doctrine of res judicata.

{¶ 12} "The doctrines of res judicata and collateral estoppel preclude relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction." *Vectren Energy Delivery of Ohio, Inc. v. Pub. Util. Comm.,* 113 Ohio St.3d 180, 2006-Ohio-1386, 863 N.E.2d 599, ¶ 30. This court was presented with a similar, but not identical, issue related to the application of the doctrine of res judicata to multiple motions for modification of spousal support in *Stewart v. Stewart* (Dec. 27, 1994), Gallia App. No. 94 CA 15, 1994 WL 718355. Much like the facts here, Stewart filed a motion for modification of spousal support, which was denied, and from which he did not appeal. Stewart then filed another motion for modification, just five months after the first motion was denied, based upon the same alleged change in circumstance. In that case, we declined to consider any issues related to res judicata because the appellee did not raise res judicata as an affirmative defense.

{¶ 13} Here, however, the issue of the applicability of res judicata is squarely before us, as it served as the basis for the trial court's denial of appellant's second motion for modification of spousal support. Because appellant did not appeal the denial of his first motion for modification, and because it was represented at a hearing on the second motion that the only difference in the motions was that appellant's previous counsel had not presented any evidence in support of the prior motion, rather than a new basis for the motion, we agree with the trial court's denial of the motion based upon the doctrine of res judicata. Thus, we cannot conclude that the trial court abused its discretion in denying the motion, or in failing to permit an evidentiary hearing, which would have, in effect, permitted the relitigation of issues that had already been finally determined as between these parties. Accordingly, appellant's first and second assignments of error are overruled, and we affirm the decision of the trial court.

Judgment affirmed.

KLINE, P.J., and HARSHA, J., concur.