[Cite as *Michel v. Michel*, 2012-Ohio-4037.]

STATE OF OHIO, NOBLE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| NICHOLAS S. MICHEL, et al. | ) | CASE NO. 10 NO 376 |
| | ) | |
| PLAINTIFFS-APPELLEES | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| STEVE AND SARA MICHEL | ) | |
| | ) | |
| APPELLANTS/ | ) | |
| THIRD-PARTY DEFENDANTS | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from the Court of Common
                            Pleas of Noble County, Ohio
                            Case No. 204-0031

JUDGMENT:                   Affirmed.

APPEARANCES:

For Nicholas S. Michel:         Atty. Kent D. Biegler
                                Tribbie, Scott, Plummer & Padden
                                139 West Eighth Street
                                P.O. Box 640
                                Cambridge, Ohio  43725

For Tandy Gagnon fka Tandy Michel:    Atty. Andrew Warhola
                                      110 North 7th Street
                                      Cambridge, Ohio  43725

For Steve and Sarah Michel:     Atty. Jacqueline Tresl
                                1500 Cowden Road
                                New Concord, Ohio  43762

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

                                Dated:  August 27, 2012

WAITE, P.J.

{¶1} This appeal involves a child custody dispute between grandparents and parents. Appellees Nicholas Michel and Tandy Gagnon (formerly Tandy Michel) are the parents of the minor child, M.M. They were divorced in 2004 in Noble County, and the child was subject to a shared parenting agreement as part of the divorce. Appellants Steve and Sarah Michel are the paternal grandparents of the child. In July of 2009, Appellants filed a petition to obtain emergency custody of the child. After two hearings, the court found that there was no emergency. A full hearing on the change of custody request was scheduled for October 14, 2009. At that hearing, instead of presenting evidence, Appellants entered into an agreed judgment entry dismissing the custody petition and giving them visitation rights. The agreement was journalized on November 3, 2009. None of the foregoing judgment entries were appealed. Appellants filed a subsequent complaint for custody in December of 2009. After another hearing on July 8, 2010, the complaint was dismissed. Appellants now appeal that ruling.

{¶2} Appellants argue that the trial court should not have limited their presentation of evidence as to the unsuitability of the child's parents. A court cannot grant custody of a child to a nonparent without first finding that the natural parents are unsuitable. *See In re Perales*, 52 Ohio St.2d 89, 369 N.E.2d 1047 (1977), and *In re Hockstock*, 98 Ohio St.3d 238, 781 N.E.2d 971 (2002). At the July 8, 2010, hearing the court did not allow the submission of evidence of unsuitability as it related to events prior to October 14, 2009. This was the date of the prior hearing scheduled to determine the unsuitability of the parents. The record indicates that Appellants

were notified of the October 14, 2009, hearing, attended the hearing with counsel, but failed to present any evidence. It was clear from the earlier hearing and the court's prior rulings that the main purpose of the October 14, 2009, hearing was to decide whether or not the parents were unsuitable. Appellants had an opportunity to litigate the issue of unsuitability and failed to do so as of October 14, 2009. There was no reason for the court to give them a second opportunity to relitigate the matter at the subsequent hearing. The trial court properly limited the evidence at the July 8, 2010, hearing to events that occurred after October 14, 2009.

{¶3} Appellants also argue that they never withdrew the original petition for custody, despite the trial court's statement to the contrary as stated in the November 3, 2009, judgment entry. It is not clear what relief Appellants expect at this juncture in light of the fact that they waived any errors which may have arisen in the November 3, 2009, judgment entry by failing to file a timely appeal of that final order. Further, the question as to whether Appellants withdrew their first motion for custody is moot. Appellants filed a new complaint for custody in December of 2009. Once Appellants filed this complaint, which was nothing more than a second petition for custody, the first petition was superseded by the second complaint. Thus, Appellants effectively withdrew their first petition for custody by filing the second one, regardless of the trial court's ruling. We find no reversible error in this case, and the judgment of the trial court is affirmed.

## Background

{¶4} Appellants, the paternal grandparents of the child, filed a petition for custody in the Noble County Court of Common Pleas, Juvenile Division, on July 28,

2009. The petition was transferred to the Domestic Division of the court due to the fact that the domestic relations court already had jurisdiction over the child as a result of the parents' divorce, and because a child custody order had already been issued as part of the divorce. The petition was treated as an emergency motion for custody by a nonparent.

{¶5} The court held an emergency hearing on August 19, 2009. The court then held a hearing on the custody matter on September 4, 2009. Appellants failed to convince the court at that hearing that there was an emergency, but the court set a final hearing for October 14, 2009, to deal with custody issues, including whether or not the parents were unsuitable. At that hearing, the parties indicated that they had resolved their differences about the division of parental rights and responsibilities and had agreed to a visitation order. On November 3, 2009, the court ruled that the parties had agreed to a companionship order and that Appellants had withdrawn their motion for custody. This judgment entry was not appealed.

{¶6} On December 11, 2009, Appellants filed another complaint for custody. Trial was held on July 8, 2010. At the hearing, Appellees requested the court to exclude any evidence relative to events that occurred before October 14, 2009. The court granted the motion. The judge held that Appellants had the opportunity to prove unsuitability on October 14, 2009, and failed to do so, and he was not going to now allow Appellants a second chance to litigate the same question. The court ordered the parties not to present evidence of unsuitability as this evidence related to events occurring prior to October 14, 2009.

**{¶7}** Appellants called six witnesses at the July 10, 2010, hearing. There was very little testimony from any of the witnesses that could be remotely considered as evidence relating to the unsuitability of the parents. Witness Kristine Schoeppner, from Noble County Children's Service, testified that she had garnered no information since October 14, 2009, and therefore, she had nothing to relate to the court. (7/8/10 Tr., p. 9.) Witness Stacy Denise Moran, who is the stepmother of the minor child's brother, testified that she had had one encounter with M.M. that lasted a total of 15 minutes. She stated that the child seemed confused during that encounter, and on that basis, she concluded that the parents were unfit. (7/8/10 Tr., p. 12.) David Moran, Stacy's husband, testified that he and Appellee Tandy Gagnon had a child together. He testified that he had concerns about Tandy's parenting because she had the minor child with her at the courthouse on a school day, and because she loudly chastised the child when he would not sit down. (7/8/10 Tr., pp. 16, 20.) He also testified that he had observed Tandy become angry while on the telephone. (7/8/10 Tr., p. 18.) He related an incident in which the minor child was in the back seat of Tandy's car and she drove off with squealing tires. (7/8/10 Tr., p. 19.)

**{¶8}** Appellants' counsel called Appellee Tandy Michel to testify. Her testimony did not reveal any fact, incident or example that related to the topic of whether she was unsuitable as a parent.

**{¶9}** Appellant Steve Michel, M.M.'s paternal grandfather, testified that he had concerns about the minor child staying with Tandy, and that he did not think the child was living in a safe place. (7/8/10 Tr., p. 29.) The basis for these concerns was

that the child "clams up a little bit" while he is talking on the phone if Tandy walks into the room. (7/8/10 Tr., p. 29.)

{¶10} Appellant Sarah Michel, the paternal grandmother, testified that she had concerns about M.M.'s safety with Tandy, and that her belief is that Tandy is not suitable as a mother. (7/8/10 Tr., pp. 35-36.) The sole reason she gave to support these conclusions was that she talks to M.M. every Sunday, and that the child gets quiet during those phone calls when someone walks into the room. (7/8/10 Tr., p. 32.)

{¶11} At the conclusion of the hearing, counsel for Appellees moved the court to dismiss the complaint for custody because there was no evidence that could be construed to support a conclusion that the parents were unsuitable. Appellants' counsel did not respond. The court dismissed the complaint, and the final order was filed on July 23, 2010. This appeal followed. Appellants have filed a single brief on appeal. Both the father and the mother of M.M. have filed Appellee's briefs.

{¶12} Appellants' first, third and fourth assignments of error deal with the question of whether the trial court properly limited the presentation of evidence at the July 8, 2010, hearing to events that had occurred after October 14, 2009. These three assignments of error will be treated together. The remaining assignment of error deals with whether Appellants withdrew their initial petition for custody, and this will be treated separately.

<u>ASSIGNMENTS OF ERROR NOS. 1, 3 and 4</u>

THE COURT ERRED IN USING THE "COMPANIONSHIP RIGHTS AGREEMENT" BETWEEN FATHER AND GRANDMOTHER,

JOURNALIZED OCTOBER 14, 2009, AS RES JUDICATA AND AS A BAR TO PERMIT EVIDENCE OF PARENTS' UNSUITABILITY FROM THE CHILD'S BIRTH UNTIL THE FINAL HEARING.

THE COURT ERRED IN PREVENTING CHILDREN'S SERVICES CASE WORKER FROM TESTIFYING AS TO INVESTIGATION REGARDING FATHER'S CARE OF CHILD SO AS TO SHOW FATHER UNSUITABLE.

THE COURT ERRED IN PREVENTING WITNESS FROM TESTIFYING ABOUT THE BEHAVIORS OF MOTHER-APPELLEE AS TO OTHER SONS, IN ORDER TO SHOW MOTHER UNSUITABLE.

**{¶13}** In these three assignments of error, Appellants challenge whether the trial court had the authority to limit the presentation of evidence at the July 8, 2010, hearing to events that occurred after October 14, 2009. A trial court's ruling on the admission or the exclusion of evidence is reviewed for abuse of discretion. *Dardinger v. Anthem Blue Cross & Blue Shield*, 98 Ohio St.3d 77, 2002-Ohio-7113, 781 N.E.2d 121, ¶193. Abuse of discretion signifies a decision that is arbitrary, unconscionable, or unreasonable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶14}** In a child custody proceeding between a parent and nonparent, a court may not award custody to the nonparent "without first making a finding of parental unsuitability-that is, without first determining that a preponderance of the evidence shows that the parent abandoned the child, that the parent contractually relinquished

custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child." *Perales*, *supra,* 52 Ohio St.2d 89, at syllabus; *see also, Hockstock*, *supra,* 98 Ohio St.3d 238, 2002-Ohio-7208, at ¶17. Since there is a presumption under Ohio law that either parent is suitable to care for their own child, it is up to the nonparent to prove by a preponderance of the evidence that both parents are unsuitable before deciding whether it is in the best interests of the child for custody to be awarded to the nonparent. *Perales* at 97-98.

**{¶15}** The trial court in this case limited the presentation of evidence based on the doctrine of res judicata. *Woodford v. Harrell*, 78 Ohio App.3d 216, 219, 604 N.E.2d 226 (10th Dist.1992). The doctrine of res judicata prevents parties from relitigating a point of law or fact that was at issue between the parties and was passed upon by a court of competent jurisdiction. *Vectren Energy Delivery of Ohio, Inc. v. Pub. Util. Comm.*, 113 Ohio St.3d 180, 186, 2006-Ohio-1386. If a matter has been determined to be res judicata, the trial court has the authority to prevent the relitigation of the same matter at a subsequent hearing. "[A] final judgment on the merits of an action precludes the parties from relitigating issues that were *or could have been raised* in that action." (Emphasis added.) *Prouse, Dash & Crouch, L.L.P. v. DiMarco*, 8th Dist. No. 96728, 2012-Ohio-12, ¶14; *see also, Stromberg v. Bratenahl Bd. of Edn.*, 64 Ohio St.2d 98, 100, 413 N.E.2d 1184 (1980).

**{¶16}** The doctrine of res judicata applies even if the matter under dispute is resolved by an agreed settlement order rather than by a jury trial or judicial decision

in a bench trial. *Culkar v. Brooklyn Hts.*, 192 Ohio App.3d 383, 2011-Ohio-724, 949 N.E.2d 103, ¶20-21 (8th Dist.)

**{¶17}** Appellants failed to present any evidence at the final custody hearing on October 14, 2009. Instead, they decided to settle the matter and obtain visitation rights. Parties do not generally get a "second bite at the apple" when it comes to presenting evidence at trial. *Dean v. West*, 5th Dist. No. 00CA00014, 2000 WL 1335068 (Sept. 14, 2000), at *4 (parties cannot use Civ.R. 60(B) as a "second bite at the apple" to admit new evidence after a trial and final judgment). Once an evidentiary hearing is held and results in a final order, new evidence cannot be presented on the matters resolved by the order except as provided by law; for example, in a reversal on appeal, motion for a new trial, or some other specific rule or law allowing for the presentation of new evidence. *Carlisle v. Carlisle*, 180 Ohio App.3d 569, 2009-Ohio-215, 906 N.E.2d 483, ¶8, 10-13. Appellants had the opportunity to prove the unsuitability of the parents at the October 14, 2009, hearing, and they are bound by their decision to enter into an agreed judgment entry as to visitation rather than establish their right to custody. Appellants' first, third and fourth assignments of error are overruled.

ASSIGNMENT OF ERROR NO. 2

> THE COURT ERRED IN ITS ENTRY, JOURNALIZED NOVEMBER 3, 2009, WHEN IT STATED THAT SARAH MICHEL HAD WITHDRAWN HER MOTION FOR CUSTODY.

**{¶18}** Appellants dispute the trial court's finding on November 3, 2009, that they had withdrawn their first petition for custody. Any alleged error relating to the

court's finding is either moot or has been waived. First, Appellants filed a second complaint for custody on December 11, 2009. Assuming we agreed with Appellants that they had not yet withdrawn their initial complaint, the December 11, 2009, complaint was, in effect, an amended complaint for change of custody. "An amended complaint takes the place of the original, which is then totally abandoned." *Harris v. Ohio Edison Co.*, 7th Dist. No. 91 C.A. 108, 1992 WL 188511, *2 (Aug. 3, 1992). The allegations of the amended complaint supersede those of the original complaint. *Levy v. Univ. of Cincinnati*, 1st Dist. No. C-860780, 1987 WL 14677 (Nov. 4, 1987). Appellants' amended complaint would render the earlier complaint moot.

{¶19} Further, if Appellants sought to challenge any finding of the trial court in its November 3, 2009, final order, they were required to file a direct appeal of that order. "Failure to appeal a final appealable order waives any error that could have been raised with respect to that order." *In re Mapley*, 7th Dist. No. 07 MA 36, 2008-Ohio-1180, ¶9, citing *In re Nice*, 141 Ohio App.3d 445, 452, 751 N.E.2d 552 (7th Dist.2001). Appellants did not appeal the earlier final order, and they cannot challenge that order on appeal of a subsequent final order. Thus, the trial court's determination that Appellants withdrew their initial petition for custody is now a matter of record and cannot be collaterally challenged in a subsequent custody proceeding.

{¶20} Finally, the record itself contradicts Appellants' argument. The transcript of the hearing on October 14, 2009, confirms that the parties "have by agreement established a division of the parental rights and responsibilities". (10/14/09 Tr., p. 4.) Obviously, if the parties came to an agreement on parental

rights, then the motion for custody was resolved.  Appellants' second assignment of error is overruled.

## Conclusion

**{¶21}**  In conclusion, Appellants have not shown that the trial court abused its discretion in limiting the presentation of evidence at the July 9, 2010 hearing.  The record reflects that Appellants had the opportunity to prove the unsuitability of the parents on October 14, 2009, and that they chose not to do so.  They were properly prevented from relitigating the matter of unsuitability as it pertained to events occurring prior to October 14, 2009.  The trial court correctly applied the doctrine of res judicata and limited the presentation of evidence accordingly.  Appellants' assertion that they never withdrew their initial petition for change of custody is moot because they filed a superseding complaint for custody on December 11, 2009.  None of Appellants' assignments of error have merit and the judgment of the trial court is affirmed.

Vukovich, J., concurs.

DeGenaro, J., concurs.