[Cite as *Alexander v. Alexander*, 2025-Ohio-41.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT**
**COUNTY OF CUYAHOGA**

CHARLES ALEXANDER,                               :

    Plaintiff-Appellant,                    :

    v.                                                       :

GEWAUNN ALEXANDER,                        :

    Defendant-Appellee.                      :

No. 113715

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 9, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Probate Court Division
Case No. 2022ADV271795

---

*Appearances:*

Vogler & Associates, Ltd., and Matthew Edward Vogler,
*for appellant.*


ANITA LASTER MAYS, J.:

**{¶1}** Plaintiff-appellant Charles Alexander ("Charles") appeals the trial court's decision granting the defendant-appellee Gewaunn Alexander's ("Gewaunn") motion to dismiss. We affirm the trial court's decision.

## I. Facts and Procedural History

{¶2} On June 29, 2022, Charles filed a complaint in probate court contesting the validity of the will in the estate of Amos Alexander ("Amos") who had recently died. In Charles's complaint, he alleged that on May 26, 2022, Gewaunn submitted a will to the probate court that Charles believed to be forged. With Charles's complaint, he attached a forensic forgery expert report completed by Patricia Hale ("Hale"), a forensic document examiner. In Hale's report, she stated she examined six documents with Amos's signatures and, based on her professional expert opinion, a different person signed Amos's name on the will. Hale stated that someone forged the signature of Amos on the will. Hale analyzed Amos's signature from six documents; the 2020 will, three documents from 2009, one document from 1999, and one undated document. She also stated that she would be willing to testify in a deposition or in open court regarding her determinations.

{¶3} In addition to the will and the forgery expert report, Charles also submitted a copy of the will that Gewaunn filed with the court. In the will, it states that Amos has one child, whose name is Gewaunn Anthony Alexander and any references to "my child" in the will are to Gewaunn. Then it states, "I have children named Sherry Perrymond and Charles A. Alexander. I have specifically not provided for Sherry Perrymond and Charles A. Alexander, as I have provided for

them to the extent I so desired during my lifetime." Last Will and Testament of Amos Alexander, Article Two. The will reflects that Amos signed it on May 19, 2020, in the presence of Karen Robinson ("Robinson") and Mary Kroggel ("Kroggel") as witnesses. The will was prepared by Attorney Matthew Deliberato, Esq. ("Deliberato"), the principal and founder of the Deliberato Law Center, LLC ("the law center"). Robinson, who also notarized the will, is the director of operations and a paralegal at the law center, and Kroggel serves as the client services coordinator at the law center.

{¶4} On July 27, 2022, Gewaunn filed his answer to Charles's complaint. In Gewaunn's complaint, he acknowledged that Amos's will was admitted to the probate court on May 26, 2022, but denied every one of the allegations in Charles's complaint. Gewaunn also asserted four affirmative defenses including:

1.  Plaintiff has failed to join the necessary and indispensable parties to this case pursuant to R.C. 2107.23;

2.  Plaintiff has failed to mitigate damages, if any;

3.  Plaintiff has failed to state a cause of action upon which relief can be granted;

4.  Defendants reserve the right to add additional affirmative defenses as the same may be disclosed in the course of discovery.

Gewaunn then requested that Charles's complaint be dismissed.

{¶5} On October 18, 2022, Charles filed a motion for leave to file an amended complaint. In Charles's motion, he stated that during the status

hearings, the probate court identified some deficiencies within Charles's original complaint. As such, Charles amended his original complaint and alleged that Amos was not of sound mind and was subject to undue influence of Gewaunn when he signed the will that disinherited Charles and Sherry Perrymond ("Perrymond"). On that same day, Charles filed a motion to vacate order of June 28, 2022, and for a formal administration of the estate.

{¶6} On December 16, 2022, Charles filed an amended copy of the original motion for leave to plead. On that same day, Charles filed a second motion to vacate order of June 28, 2022, and for a formal administration of the estate. On December 20, 2022, the probate court entered a judgment entry stating:

> This matter is before the Court upon the Motion to Vacate Order of June 28, 2022 filed October 18, 2022 and December 16, 2022. The Motion filed December 16 is identical to the October 18 Motion but the latter includes a certificate of service that was omitted in the first Motion.
>
> This Court finds that the Motion asks this Court to vacate its Order in the related Estate case which relieved the estate from administration. The Court finds that the Motion to Vacate must be filed in the Estate Case as that is the case wherein the Order was entered that Movant now wants to set aside.
>
> The Court finds and orders that the Order from which Movant seeks relief is not docketed in this case and therefore the Motion in this case is denied and dismissed.
>
> It is so ordered.

Judgment Entry issued Dec. 20, 2022.

{¶7} On December 20, 2022, the same day, Charles filed his first amended complaint. On February 13, 2023, Gewaunn filed a motion for leave to plead. On February 27, 2023, Gewaunn filed his answer to Charles's amended complaint. On March 3, 2023, the trial court issued a judgment entry granting Gewaunn's motion for leave to plead. On June 20, 2023, a pretrial hearing was held and the probate court ordered that all discovery be complete by August 4, 2023; all dispositive motions be filed by August 18, 2023; all responses to dispositive motions be filed by September 18, 2023; all expert reports be filed and exchanged by August 4, 2023; the exchange of witness lists was due by October 16, 2023; and trial was set for October 23-25, 2023.

{¶8} On October 23, 2023, the probate court extended all of the original deadlines and trial was set for March 4-6, 2024. On December 18, 2023, Charles filed a notice of filing of expert report. On December 22, 2023, Gewaunn filed a motion to dismiss. In Gewaunn's motion, he moved for the court to dismiss the matter alleging that Charles failed to commence the action, pursuant to Civ.R. 3(A), to perfect service on Gewaunn and Perrymond within one year of filing his complaint. Gewaunn argued that as a result of the failure, the probate court lacked jurisdiction to proceed. Gewaunn argued that when Charles filed his amended complaint on December 20, 2022, he never perfected service on Gewaunn or Perrymond and, thus, the probate court lacked subject jurisdiction to proceed.

{¶9} On January 16, 2024, Charles filed a reply to Gewaunn's motion to dismiss. Charles argued that it was too late for Gewaunn to argue that service was not perfected because Gewaunn filed his answer to the amended complaint, which demonstrated that service was perfected. However, in Charles's reply, he did not state a reason service was not perfected on Perrymond.

{¶10} On January 23, 2024, Gewaunn filed a reply to Charles's opposition to Gewaunn's motion to dismiss, arguing that Charles has failed to perfect service on Gewaunn and Perrymond. On January 30, 2024, Charles filed a motion for leave to file a second amended complaint. In this motion, Charles alleges that Perrymond is not the child of Amos and attached her birth certificate with James Perrymond listed as her father. Charles argued that because Perrymond is not the daughter of Amos, she is not a necessary party to the case and, thus, she is removed as a party to the case.

{¶11} On February 8, 2024, Gewaunn filed a brief in opposition to Charles's motion for leave to file a second amended complaint. On February 15, 2024, the probate court found that Charles's first amended complaint had not been served on either Gewaunn or Perrymond within one year of its filing and, as a result, the probate court no longer has jurisdiction to allow or disallow additional amendments. The probate court denied Charles's motion for leave to file a second amended complaint. On that same day, the probate court granted Gewaunn's December 22, 2023 motion to dismiss and issued a judgment entry stating:

This matter is before the Court upon Defendant Gewaunn Alexander's Motion to Dismiss filed December 22, 2023, Response in Opposition filed January 16, 2024 and Reply filed January 23, 2024.

The Court finds that Defendant Gewaunn Alexander moves to dismiss the pending Will Contest action for the reason that Plaintiff has failed to commence this action, pursuant to Civ.R.3 (A), due to his failure to perfect service on all necessary parties within one year from the filing of his Complaint and therefore, this Court lacks jurisdiction to proceed.

The Court finds that the First Amended Complaint was filed on December 20, 2022 and finds that the Complaint names two Defendants, Gewaunn Alexander, as Executor of the Estate of Amos Alexander and Sherry Perrymond, as a necessary party pursuant to O.R.C. 2107.73(B). The Court finds that Gewaunn Alexander was not named in his individual capacity. The Court further finds that Gewaunn was not named executor of the Estate of Amos Alexander and finds that no executor was named in the Estate of Amos Alexander. The Court finds that decedent, Amos Alexander, named Sherry Perrymond as his child in his Last Will and Testament that was admitted to probate and that is challenged herein. The Court further finds that Sherry Perrymond was listed as a child of the decedent in the Form 1.0 filed in the Estate of Amos Alexander.

The Court finds that Defendant first raised the defense of insufficiency of service of process and failure to join necessary parties in his Answer to the Amended Complaint.

The Court finds that the docket does not reflect that service of the amended complaint on the two named defendants was initiated or completed.

In his response brief, the Plaintiff does not argue that there has been a failure to serve either of the defendants named in the Amended Complaint. Instead, Plaintiff asserts that Defendant Gewaunn Alexander has waived his lack of service argument and further asserts that his failure to name Gewaunn Alexander in his personal capacity is inconsequential, relying on *Holland v. Carlson*, 40 Ohio App.2d 325 (8th Dist. 1974).

The Court finds that, as mentioned above, Gewaunn Alexander did raise insufficiency of service in his Answer to the First Amended Complaint. The Court finds that the Court docket makes clear that Gewaunn Alexander was not served with the Amended Complaint in either his individual or representative capacity. The docket also shows that Defendant Sherry Perrymond has not been served.

The Court finds that Ohio Civ. R. 3(A) provides that a "civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant." The Court finds that the First Amended Complaint was filed December 20, 2022 and finds that neither named defendant has been served with the Complaint. The Court finds that it lacks jurisdiction to continue this case and finds that the Amended Complaint must be dismissed.

The Court finds and Orders that the Motion to Dismiss is well taken and Orders that the First Amended Complaint is dismissed.

IT IS SO ORDERED.

Judgment Entry issued on Feb. 15, 2024.

**{¶12}** Charles filed this appeal, assigning one error for our review:

The trial court erred in holding, in its order dated February 15, 2024, which granted Defendant's motion to dismiss, that the trial court lacked jurisdiction to proceed with the underlying action because service on all necessary parties was not perfect within one year, because the only necessary party, as contemplated in R.C. 2107.73(B) was properly served.

## II.    Summary Judgment

**{¶13}** "Our standard of review of a dismissal due to lack of personal jurisdiction is de novo." *Lewis v. Moore*, 2017-Ohio-4049, ¶ 9 (10th Dist.). "A de novo review is an independent review, without any deference to the trial court's

determination." *State v. T.D.*, 2022-Ohio-3741, ¶ 6 (8th Dist.), citing *State v. Buehner*, 2021-Ohio-4435, ¶ 43 (8th Dist.).

## III. Law and Analysis

**{¶14}** In Charles's sole assignment of error, he argues that the trial court erred in granting Gewaunn's motion to dismiss because it lacked jurisdiction to proceed with his case for failure of perfecting service on Gewaunn and Perrymond, in violation of Civ.R. 3(A). On December 20, 2022, Charles filed an amended complaint naming Gewaunn as a defendant and Perrymond as a necessary party pursuant to R.C. 2107.73(B). According to the probate court docket in this case, service was never perfected on Gewaunn or Perrymond as required by Civ.R. 3(A), which states, in part: "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant."

**{¶15}** In response to the trial court's dismissal, Charles first argues that service was perfected on Gewaunn because Gewaunn filed an answer to Charles's amended complaint on February 27, 2023. Charles cites *Harris v. Mapp*, 2006-Ohio-5515, ¶ 11 (10th Dist.), to support his argument, which states: "Where a defendant appears and participates in the case without objection, he waives the defense of lack of personal jurisdiction due to failure of service." *Id.*, citing *Nichols, Rogers & Knipper, L.L.P. v. Warren*, 2002-Ohio-107, ¶ 6 (2d Dist.) (concluding that even if service were not originally perfected upon the defendant, the record

did not indicate the defendant objected on that basis, and the defendant's subsequent appearance and participation in the case constituted a waiver of objections to personal jurisdiction); *see also NetJets, Inc. v. Binning*, 2005-Ohio-3934, ¶ 4 (10th Dist.) ("a defense of lack of personal jurisdiction be presented in the defendant's answer or by motion prior to the filing of the answer.").

{¶16} Charles raises two arguments in relation to perfecting service on Gewaunn. First, he contends that service was perfected in the original action filed on June 29, 2022, and Gewaunn answered the complaint on July 25, 2022, and did not raise any defense related to the probate court's jurisdiction, thereby waiving any defense of insufficiency of process. Charles's argument is not well-taken because Charles filed an amended complaint on December 20, 2022, which supersedes his original complaint. *See Fried v. Friends of Breakthrough Schools*, 2020-Ohio-4215, ¶ 12 (8th Dist.); *Recovery Funding, LLC v. Spiers*, 2020-Ohio-364, ¶ 28 (10th Dist.) ("[W]e note that the assertions made in Appellant's original complaint are no longer viable, Appellant having replaced his original complaint with an amended complaint."); *Michel v. Michel*, 2012-Ohio-4037, ¶ 18 (7th Dist.) ("The allegations of the amended complaint supersede those of the original complaint."); *State ex rel. Barr v. Wesson*, 2023-Ohio-3028, ¶ 30 ("[A]n amended complaint supersedes the first-filed complaint.").

{¶17} The record reflects that service was not perfected on Gewaunn within one year after Charles filed the amended complaint. In Gewaunn's answer to

Charles's amended complaint, he asserts that Charles's complaint failed for insufficiency of service process, failed to join all necessary and indispensable parties, and failed to join Gewaunn personally in this action as an heir to Amos. "Civ.R. 12(B) requires that a defense of lack of personal jurisdiction be presented in the defendant's answer or by motion prior to the filing of the answer." *NetJets* at ¶ 4. Thus, Charles's argument that Gewaunn waived any defense of insufficiency of service process is misplaced.

{¶18} Second, Charles contends that he named Gewaunn as executor of the estate of Amos Alexander in the amended complaint and, therefore, joined him in this action as an heir. The probate court, in its judgment entry granting Gewaunn's motion to dismiss, stated, in part: "The Court finds that Gewaunn Alexander was not named in his individual capacity. The Court further finds that Gewaunn was not named executor of the Estate of Amos Alexander and finds that no executor was named in the Estate of Amos Alexander." Judgment Entry issued on Feb. 15, 2024.

{¶19} As required by R.C. 2101.73, Charles failed to join Gewaunn personally as an heir. Instead, Charles incorrectly joined and named Gewaunn as the executor of Amos's estate. R.C. 2101.73 provides who must be made parties to a will contest. "It is a personal statute, and all of each class named therein must be made parties to such action. An actual party to such action can be made only by one of the methods of lawful service of summons upon those parties." *Collins v.*

*Nurre,* 20 Ohio App.2d 53, 56 (1st Dist. 1969). "An individual becomes a party to an action only when properly served." *Citizens Loan & Savings Co. v. Elio Internatl. Invests.*, 1999 Ohio App. LEXIS 3021 (10th Dist. June 30, 1999). *See also Case v. Smith,* 142 Ohio St. 95 (1943) ("The provisions of the statutes relative to an action to contest the validity of a will are mandatory; the enjoyment of the right to maintain such action is dependent upon compliance with the statutory conditions and limitations and a failure to comply extinguishes such right.").

**{¶20}** Charles's failure to comply with Civ.R. 3(A) and R.C. 2101.73 as it relates to Gewaunn, demonstrates that Charles failed to perfect service of process.

**{¶21}** Next, Charles argues that perfecting service to Perrymond was not necessary because she is not an heir to Amos, as evidenced by Perrymond's birth certificate naming another man as Perrymond's father. The identity of Perrymond's father is not for this court to determine, but it is a well-known fact that a legal father or father named on a birth certificate is not always synonymous with the biological father. However, Amos listed Perrymond as an heir in his will. Whether Perrymond is Amos's biological child is not pertinent to the issue at hand.

**{¶22}** Perrymond was named as an heir in Amos's will and, therefore, is a necessary party as listed in R.C. 2107.73. Perrymond is either Amos's heir, as he declared in his will, or an interested party, simply because he names her in the will. R.C. 2107.73(B) and (E). "A 'person interested,' as defined by the statute, is one who has a direct, immediate and legally ascertained pecuniary interest in the

devolution of the testator's estate as would be impaired or defeated by the probate of the will or be benefitted by setting aside the will." (Cleaned up.) *Powell v. Williams*, 2022-Ohio-526, ¶ 18 (8th Dist.). As a listed heir, whether legitimate or illegitimate, Perrymond has a direct interest in Amos's estate.

{¶23} "[I]llegitimate children can inherit from their fathers under R.C. 2105.06 only if paternity is established prior to the death of the father." *Byrd v. Trennor*, 2004-Ohio-2736, ¶ 28 (2d Dist.). *See In re Estate of Hicks*, 90 Ohio App.3d 483, 487 (6th Dist. 1993). Illegitimate children can inherit from their fathers if it is shown that affirmative steps were taken by their father, which could include: (1) marrying the child's mother; (2) providing for the child in a will; (3) adopting the child; (4) acknowledging the child pursuant to R.C. 2105.18; or (5) designating the child as his heir at law pursuant to R.C. 2105.15." (Cleaned up.) *Id*. "Where the parent-child relationship is established prior to the father's death, no differentiation is to be made in the rights of children based upon whether they were born in or out of wedlock." (Cleaned up.) *Id*.

{¶24} The record before us does not disclose any details about Perrymond's relationship with Amos, other than he named her as one of his children in his will. As a result, Perrymond is at the very least an interested party to these proceedings, and Charles was required under R.C. 2107.73 and Civ.R. 3(A) to perfect service upon Perrymond. Charles admittedly did not have Perrymond served; however, his argument that she was not a necessary party in these proceedings is misplaced.

This court finds that the trial court did not err when it granted Gewaunn's motion to dismiss for Charles's failure to perfect service on Gewaunn and Perrymond.

**{¶25}** "A court does not acquire personal jurisdiction over a defendant unless and until the defendant is properly served with the complaint and summons or the defendant makes an appearance in the case." *Midland Funding, L.L.C. v. Cherrier*, 2020-Ohio-3280, ¶ 10 (8th Dist.), citing *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182 (1990), syllabus. "Insufficiency of service of process is an affirmative defense that may be raised in a motion to dismiss." *Beck v. Lally*, 2020-Ohio-4305, ¶ 42 (8th Dist.), citing Civ.R. 12(B)(5). "Dismissal pursuant to a motion filed under Civ.R. 12(B)(5) is appropriate when a plaintiff fails to perfect service within the one-year period set forth in Civ.R. 3(A)." *Id.*, citing *Midland Funding, L.L.C.* at ¶ 21. "In a will contest action[,] the failure to serve one of the necessary parties constitutes a failure to commence the action within the prescribed time limits and thus, because of the failure, a trial court lacks jurisdiction to proceed with the case." (Cleaned up.) *Crosby-Edwards v. Morris*, 2009-Ohio-2994, ¶ 11 (10th Dist.).

**{¶26}** Therefore, Charles's sole assignment of error is overruled.

**{¶27}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, probate court division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EILEEN A. GALLAGHER, A.J., and
KATHLEEN ANN KEOUGH, P.J., CONCUR