DECISION AND JUDGMENT ENTRY
{¶ 1} Robert Freeland appeals the trial court's judgment awarding $1,200 monthly spousal support to appellee Jean Freeland. Appellant argues that the trial court abused its discretion in making that award because it was premised upon an unsupported finding that appellee's net income is $18,280. Appellant contends that this finding directly contradicts appellee's income as shown on her income tax returns. Because we conclude that the trial court failed to explain the reason for using two different methods in determining the parties' respective incomes and attributing an annual income to appellee other than that which is shown on her tax returns, we reverse and remand the matter to the trial court.
 {¶ 2} The parties married in 1996, and had two children, both of whom are emancipated. In June 2000, appellee filed for divorce, and in August 2000, appellant filed an answer and counterclaim for divorce. They subsequently agreed to all aspects of the divorce, except spousal support. The parties submitted the spousal support issue to the trial court based upon the testimony presented at the final divorce hearing, joint exhibits, and post-hearing "affidavits."
 {¶ 3} At the time of the final divorce hearing, appellant was almost fifty-eight years old and was employed as an electrician. Appellant's year 2000 tax return showed an annual gross income of $49,084. Appellee was sixty-one years old and for the past twenty-three years, had operated a business known as Andrea's. Appellee's year 2000 tax return showed an annual gross income of $32,200. However, appellee testified that she usually receives a weekly, after-tax check for $457, and has a total annual "net" income of $18,280.
 {¶ 4} Following the hearing, appellee filed an "affidavit concerning spousal support," in which she averred: "I try to take $457 per week net income from Andrea's but there are three to four months per year when I receive nothing because there are insufficient funds to take any money from the business. The worst months are typically October through January. I actually receive pay for about 40 weeks per year which is $18,280 net pay after taxes. My gross pay is $625 per week when I am able to take a draw or a pay-check." She further stated that her annual gross income is $24,375, calculated by multiplying $625 times thirty-nine weeks. Appellee claimed that her monthly expenses range from $2732.82 to $3025.91, and that her monthly income is $1,523.33. She thus requested $1,500 as monthly spousal support.
 {¶ 5} In his affidavit concerning spousal support, appellant disputed appellee's claim that she receives an annual net income of $18,280. Appellant asserted that her claim "is not consistent" with appellee's tax returns, which the parties submitted as joint exhibits.
 {¶ 6} Appellee then filed an "affidavit in reply" to appellant's affidavit. Appellee stated that: "the testimony and evidence which is uncontroverted is that for the most recent period of time I have only been able to pay myself for about 40 weeks per year at a rate of $625 per week gross pay which equals $18,280 net pay after taxes are deducted." However, nowhere does appellee explain the conflict between her statement regarding her "net" income and the income shown on her tax returns.
 {¶ 7} On January 17, 2002, the magistrate awarded appellee $1,200 in monthly spousal support. The magistrate found that appellee "has income * * * in the amount of $457 per week after taxes." In determining the parties' income and in choosing to attribute a weekly income of $457 to appellee, the magistrate explained: "Plaintiff argues that 40 weeks per year she is able to draw a check from her business in the amount of $457 per week after taxes, for a total of $18,280 per year. Defendant argues that the Court should look at the Plaintiff's gross income, which is ranged from a high of $32,200.00 to a low of $26,850.00. Defendant, however, does not suggest that the court look at his gross income, but rather at a lower figure. * * * The Court finds that the most accurate rendition of the parties' income is based upon a review of their respective tax returns for the years 1996 thorough [sic] 2000."
 {¶ 8} In calculating the amount of spousal support, the magistrate found that appellee has an annual net income of $18,280 (despite his statement that "the most accurate rendition of the parties' income is based upon a review of their respective tax returns"), a monthly net income of $1,523, and a monthly expense range of $2,435 to $2,726. The magistrate determined that appellee thus has a monthly deficit of $910 to $1,203. The magistrate found that appellant has an annual gross income of $50,000, an annual net income of $41,938, a monthly net income of $3,495, and monthly expenses of $1,446. The magistrate determined that appellant thus has a monthly surplus of $2,049.
 {¶ 9} Appellant subsequently filed objections to the magistrate's decision and also filed a request for findings of fact and conclusions of law. Appellant objected to the magistrate's finding that appellee has an annual income of $18,280.
 {¶ 10} On June 5, 202, the magistrate filed a "nunc pro tunc" entry, stating: "The purpose of this Order is to set forth what information the Court relied on in determining the parties' expenses in order to reach a decision on the spousal support issue." The entry then repeated the January 17, 2002 entry in its entirety with no substantive changes.
 {¶ 11} On June 13, 2002, the trial court overruled appellant's objections. The trial court concluded that the evidence supports the magistrate's findings regarding the parties' income and expenses. On October 9, 2002, the trial court granted the parties a divorce and awarded appellee $1,200 in monthly spousal support.
 {¶ 12} Appellant timely appealed the trial court's judgment and raises the following assignments of error. "FIRST ASSIGNMENT OF ERROR — The trial court erred by failing to fully consider the factors set out at R.C. 3105.18(C)(1)(i) and considering [sic] the relative assets and liabilities of the parties. SECOND ASSIGNMENT OF ERROR — The trial court erred by failing to ascertain the appellee's monthly deficit. THIRD ASSIGNMENT OF ERROR — The trial court erred in finding the amount of appellee's net income to be $18,280.00."
 {¶ 13} Trial courts enjoy broad discretion in awarding spousal support. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83. Thus, a reviewing court will not reverse a court's decision awarding spousal support absent an abuse of that discretion. Bechtol v. Bechtol
(1990), 49 Ohio St.3d 21, 24, 550 N.E.2d 178. An abuse of discretion is more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable or unconscionable. Masters v. Masters (1994),69 Ohio St.3d 83, 85, 630 N.E.2d 665. Moreover, when applying this standard, an appellate court may not substitute its judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-38,566 N.E.2d 1181 (citing Berk v. Matthews (1990), 53 Ohio St.3d 161, 169,559 N.E.2d 1301).
 {¶ 14} While the decision to award spousal support is discretionary, an appellate court reviews the factual findings to support that award under a manifest weight of the evidence standard. See Brownv. Brown, Pike App. No. 02CA689, 2003-Ohio-304; Patterson v. Patterson
(Dec. 14, 1998), Adams App. No. 97CA654; see, also, Fletcher v. Fletcher
(1994), 68 Ohio St.3d 464, 468, 628 N.E.2d 1343; C.E. Morris v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. Furthermore, the trial court must indicate the basis for its spousal support award in sufficient detail to enable a reviewing court to determine that "the award is fair, equitable and in accordance with the law." Kaechele v.Kaechele (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197, paragraph two of the syllabus.
 {¶ 15} Once a party requests it, the court may make an appropriate and reasonable spousal support award. See R.C. 3105.18(B). In determining what is "appropriate and reasonable," the court must consider, among several other factors, "[t]he income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code."
 {¶ 16} Neither the Revised Code nor case law fully defines "income" for purposes of awarding spousal support. Thus, a trial court appears to possess discretion in determining what constitutes "income." However, in determining what constitutes "income," we believe that a trial court should typically use the figures shown on a party's annual income tax return. See, generally, Evid.R. 1002. If a trial court chooses not to use a party's annual income tax return in assessing "income," the court should explain its reasons. A trial court should not casually credit a party's oral, undocumented testimony as to what the party's annual income is without explaining its reasons for not using the party's annual income as documented on the tax return.
 {¶ 17} Additionally, in attributing income to a party, the trial court should use appropriate terms and should ensure that a reviewing court can ascertain what those terms mean. For example, a court that uses "net income" in defining income should clarify what that term means. See, generally, Patterson v. Patterson (1991), 72 Ohio App.3d 818, 820,596 N.E.2d 534 (noting the various meanings ascribed to the term "net income").[1]
 {¶ 18} The trial court should also explain reasons if, as is the case here, it chooses to use "gross income" for one party and "net income" for the other party.
 {¶ 19} Here, to support its spousal support award, the trial court determined that appellee's "net" income is $18,280. The trial court based this finding upon appellee's testimony that she earns $457 per week. However, appellee's tax returns do not appear to support her testimony. Appellee's gross income as shown on her 1996 to 2000 tax returns ranges from $26,850 to $32,300, and her taxable income ranges from $21,344 to $24,796. The trial court did not provide any reason for departing from the figures used in appellee's tax returns. Additionally, the magistrate stated that he believed that the parties' incomes are most accurately reflected in their tax returns, yet he did not use appellee's tax return in determining her income. Furthermore, the trial court did not explain why it chose to attribute income to appellant based upon his gross income, but to attribute income to appellee based upon her "net income." Absent further explanation by the trial court, we conclude that the trial court did not sufficiently indicate the reasons for its spousal support award so as to enable this court to determine that the trial court's $1,200 monthly spousal support award "is fair, equitable and in accordance with the law." Kaechele, supra.
 {¶ 20} Therefore, to this limited extent, we sustain appellant's third assignment of error. We decline to address appellant's remaining assignments of error. See App.R. 12(A)(1)(c).
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J.: Concurs in Judgment Only.
Kline, J.: Concurs in Judgment and Opinion.
[1] Patterson noted that "net income" has been defined as: (1) "income subject to taxation after allowable deductions and exemptions have been subtracted from gross or total income"; (2) "gross income less the expenses in realizing the income minus taxes"; (3) "the amount a person receives after taxes and other deductions"; (4) "[t]he money that you receive, after deductions are taken out, is called net income"; (5) "total income less legitimate expenses realizing it, without a deduction for alimony payments"; (6) "net taxable income"; and (7) "gross amount of salary, wages or commissions, less all deductions by the employer for obligatory statutory or contractual obligations of the employee."