[Cite as *Warner v. Warner*, 2013-Ohio-478.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| LISA R. WARNER, | : | |
| Plaintiff-Appellee, | : | Case No. 12CA3511 |
| vs. | : | |
| CHARLES D. WARNER, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT: Thomas M. Spetnagel, 42 East Fifth Street, Chillicothe, Ohio 45601

COUNSEL FOR APPELLEE: Rick L. Faulkner and Kenneth W. Porter, 8055 Hayport Road, Wheelersburg, Ohio 45694

_____

CIVIL CASE FROM COMMON PLEAS COURT, DOMESTIC RELATIONS
DATE JOURNALIZED: 2-8-13
ABELE, J.

{¶ 1} This is an appeal from a Scioto County Common Pleas Court, Domestic Relations Division, judgment that granted a divorce to Lisa R. Warner, plaintiff below and appellee herein, and Charles D. Warner, defendant below and appellant herein, and ordered appellant to pay appellee $2,400 in monthly spousal support for twelve years.

{¶ 2} Appellant assigns the following error for review:

"THE TRIAL COURT ERRED IN AWARDING SUSTENANCE
SPOUSAL SUPPORT."

**{¶ 3}** On May 18, 2011, appellee filed a divorce complaint against appellant. Appellant subsequently counterclaimed for divorce. The parties eventually agreed upon the property division, but did not agree whether appellee should receive spousal support.

**{¶ 4}** On June 26, 2012, the trial court held a final hearing regarding the parties' agreed property division and the spousal support issue. At the hearing, appellant testified that his annual gross income is $107,000 and that his net monthly pay is $5,557.31. He explained that his net pay reflects deductions for taxes, health insurance, long-term disability insurance, a flexible spending account ($180 per month), and retirement (approximately $800 per month). Appellant testified that he has received pay raises from time-to-time. He further stated that his starting salary twelve years ago was $76,000, and he currently earns $107,000.

**{¶ 5}** Appellee testified that she worked off-and-on throughout the parties' marriage, but that she primarily raised the children. Approximately six years ago, she obtained a teaching position and currently grosses approximately $44,600 annually. Appellee stated that her net monthly pay is $2,400, and that her monthly expenses total close to $4,000.

**{¶ 6}** On July 23, 2012, the trial court entered a judgment that divided the property pursuant to the parties' agreement, with a nearly equal distribution of property.

**{¶ 7}** On July 25, 2012, the court entered a decision that awarded appellee $2,400 in monthly spousal support for twelve years. The court found that appellant's reasonable monthly expenses total approximately $4,063 and that appellee's reasonable monthly expenses total approximately $3,576. The court determined "that based upon the current income and resources of the parties and taking into account their respective current reasonable monthly expenses that

both parties would be able to maintain a standard of living substantially equivalent to that maintained during the marriage and still be able to maintain their respective retirement options and benefits based upon [appellant] paying $2,400.00 per month spousal support to [appellee]" for twelve years. This appeal followed.

{¶ 8} In his sole assignment of error, appellant asserts that the trial court erred by awarding appellee $2,400 in monthly spousal support for twelve years. He asserts that the trial court improperly fashioned its spousal support award so as "to maintain a standard of living for [appellee] that is much higher than the standard allowed to [appellant]." Appellant further contends that the award's duration is "essentially permanent" because it does not terminate until he reaches retirement age.

{¶ 9} Trial courts generally enjoy broad discretion to determine spousal support issues. Kunkle v. Kunkle, 51 Ohio St.3d 64, 67, 554 N.E.2d 83 (1990); Cherry v. Cherry, 66 Ohio St.2d 348, 421 N.E.2d 1293 (1981). Consequently, an appellate court will not reverse a trial court's spousal support decision absent an abuse of discretion. Bechtol v. Bechtol, (1990), 49 Ohio St.3d 21, 24, 550 N.E.2d 178; Holcomb v. Holcomb, (1989), 44 Ohio St.3d 128, 131, 541 N.E.2d 597. "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. E.g., Huffman v. Hair Surgeon, Inc., 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985).

{¶ 10} R.C. 3105.18(B) allows trial courts, upon a party's request and after property distribution, to award reasonable spousal support. R.C. 3105.18(C) states:

> (1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall

consider all of the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(I) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

(2) In determining whether spousal support is reasonable and in determining the amount and terms of payment of spousal support, each party shall be considered to have contributed equally to the production of marital income.

{¶ 11} When making a spousal support award, a trial court must consider all statutory factors and not base its determination upon any one factor taken in isolation. Kaechele at paragraph one of the syllabus. Although a trial court possesses broad discretion to determine whether spousal support is reasonable and appropriate, it must consider the statutory factors and must indicate the basis for a spousal support award in sufficient detail to enable a reviewing court to determine that the award complies with the law. Kaechele at paragraph two of the syllabus. In the absence of a request for findings of fact and conclusions of law, however, Kaechele does not require the trial court to list and comment on each factor. Brown v. Brown, 4th Dist. No. 02AP689, 2003–Ohio–304, ¶10. Rather, Kaechele and R.C. 3105.18(C) only require a trial court to reveal the basis for its award in either its judgment or the record. Id.; see, also, Carman v. Carman, 109 Ohio App.3d 698, 704, 672 N.E.2d 1093 (12th Dist. 1996).

{¶ 12} Appellant asserts that the trial court erred as a matter of law by awarding appellee an amount of spousal support based upon a "strict mathematical formula" in an attempt to equalize the parties' incomes. First, we do not agree that the trial court relied solely upon a "strict mathematical formula" when it fashioned its spousal support award. Instead, the record shows that the court considered the statutory factors, not simply a mathematical formula. Second, a spousal support decision is generally left to a trial court's discretion, subject to the statutory factors. Nothing in those factors prohibits a trial court from attempting to equalize the parties' income. Kedanis v. Kedanis, 12th Dist. No. 2012-01-015, 2012-Ohio-3533, ¶15, quoting Arthur v. Arthur, 3rd Dist. No. 17–11–28, 2012–Ohio–1893, ¶33 ("'[A]lthough a trial court is not required

to equalize incomes, it is not prohibited from doing so where such a result is reasonable and equitable.'").

{¶ 13} In the case at bar, however, after our review of the evidence adduced concerning the parties respective incomes and expenses, we believe that the trial court's spousal support award to the appellee ($2,400 in monthly spousal support for twelve years) is unreasonable. Our review of the record reveals that the parties had been married for nearly twenty-eight years. Thus, this was a marriage of long duration. During the marriage, appellant was the primary income-earner, while appellee primarily raised the children and worked sporadically throughout the marriage. The parties maintained a comfortable lifestyle during their marriage and did not encounter problems satisfying their financial obligations. At the time of the trial court's decision, appellant was fifty years old and appellee was forty-eight years old. Both parties have masters degrees and neither has had a problem maintaining current employment. After the property distribution, both parties hold retirement assets valued at nearly $200,000. However, we believe that, after consideration of the facts submitted to the trial court in the case sub judice, the trial court did not fully consider or appreciate the parties' net monthly incomes and reasonable monthly expenses when it determined the spousal support award. The appellant has approximately $5557 net monthly income and $4063 reasonable monthly expenses. The appellee earns $2400 in net monthly pay and has $3576 in reasonable monthly expenses. It appears that a $2448 monthly spousal support award will result in a $900 monthly deficit for the appellant and over $400 monthly surplus (after taking into account the approximate tax considerations for the spousal support awards) for the appellee.

{¶ 14} We recognize that arriving at an equitable spousal support award can be a difficult task when assessing and weighing competing interests. We fully agree with the appellee,

however, that spousal support should not be viewed solely as monetary support necessary to satisfy

a recipient's need for support.   See, e.g., Roddy v. Roddy, 4th Dist. No. 97CA600, (Jan 11, 1999).

Rather, courts must examine all relevant factors, including those set out in R.C. 3105.18, to

determine a spousal support monetary award that is reasonable and appropriate under the unique

facts present in each case.   In the case sub judice, we believe that the trial court should take into

consideration the parties' net incomes, reasonable monthly expenses, and the duration of a spousal

support award when it determines that a certain award that is reasonable and appropriate.

{¶ 15}  Accordingly, based upon the foregoing reasons we hereby sustain appellant's

assignment of error, reverse the trial court's judgment and remand the matter for further

proceedings consistent with this opinion.

JUDGMENT REVERSED AND CAUSE
REMANDED FOR FURTHER
PROCEEDINGS CONSISTENT WITH THIS
OPINION.

Harsha, J., concurring:

{¶ 16} I agree with the principal opinion and wish to emphasize what I perceive to be a problem with the duration of the spousal support award, i.e. twelve years. Twelve years is almost half the duration of the marriage. And the only justification for selecting this period seems to be a speculative retirement age. Given the specific facts of this case, it seems reasonable for the appellee to become self-sufficient in less than twelve years. There is no requirement that each party must experience the same standard of living they experienced during the marriage. More realistically, each party must bear some reduction in economic well-being.

## JUDGMENT ENTRY

It is ordered that the judgment be reversed and cause remanded for further proceedings consistent with this opinion.   Appellant shall recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Kline, J.: Concurs in Judgment & Opinion
Harsha, J.: Concurs with Concurring Opinion

For the Court

BY:_____
Peter B. Abele, Judge

### NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.