[Cite as *Parsons v. Parsons*, 2025-Ohio-2511.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| TIMOTHY RAY PARSONS, | : | Case No. 23CA21 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| VERONICA LYNN PARSONS, | : | |
| | : | |
| Defendant-Appellant. | : | RELEASED: 07/09/2025 |

_____

APPEARANCES:

K. Robert Toy and Andrew E. Grillo, Toy Law Office, Athens, Ohio, for appellant.

Adam Salisbury, Tenoglia & Salisbury Law Group, Pomeroy, Ohio, for appellee.

_____

Wilkin, J.

{¶1}    This is an appeal from the Gallia County Court of Common Pleas judgment entry in which the trial court adopted the magistrate's decision granting a divorce to the parties on the grounds of incompatibility.  In the entry, the trial court required appellee, Timothy Ray Parsons ("Timothy") to pay appellant, Veronica Lynn Parsons ("Veronica") spousal support.  Veronica objects to the amount and duration of the order for spousal support and appeals.  After reviewing the parties' arguments, the record and the applicable law, we find her arguments to be unpersuasive and hereby affirm the trial court.

BACKGROUND

{¶2}    The parties were married on October 26, 1996 in Sedona, Arizona.  The parties had two children born as issue of the marriage, but neither were minors at the time of the final hearing.  Both parties are now United States Air Force veterans.  During

the marriage, Veronica did not work and was a stay-at-home mother, while Timothy continued to work for the Air Force. Eventually, the pair ended up in Johnston County, North Carolina, but they separated on January 17, 2016. There, Veronica filed a complaint for an equitable distribution of property, postseparation support, alimony, attorney's fees, and child support on February 11, 2016. Notably, the complaint Veronica filed did not include a request for divorce, presumably because North Carolina law requires the parties to be separated for one year prior to filing for divorce. As part of that North Carolina action, the parties entered into a mediated settlement agreement that divided all assets and debts in an equitable distribution of property.

{¶3}   In addition to the parties' mediated settlement agreement, the North Carolina court also established a "Postseparation Support, Interim Distribution, Temporary Child Support and Attorney's Fee Order" that established "postseparation support" in the amount of $350 monthly that would terminate upon the "entry of an alimony order entered by [the North Carolina Court.]" Despite the mediated settlement agreement, Timothy failed to comply with the prior orders of the North Carolina court in many ways. Timothy removed himself from the jurisdiction of the court while there was a pending bench warrant after he had been held in contempt of court for failing to abide by the terms of that agreement, by, in part, failing to make required payments and executing documents in furtherance of the division of property. From June 2018 through July 2023, Timothy owed $21,350 to Veronica in 61 months of postseparation support according to the North Carolina orders. In addition, Timothy owed $7,300 in attorney's fees the North Carolina court assessed to him for failing to comply with North Carolina court orders.

{¶4}   Timothy subsequently filed a complaint for divorce in Gallia County on May 28, 2021.  The case came before the magistrate for final hearing on December 21, 2022.  The evidence established that each party receives disability benefits from their military service.  In addition, Timothy also receives Social Security.  The trial court divided up the assets and debts of the parties consistent with the North Carolina settlement agreement, which is not in dispute.

{¶5}   The parties disputed at the final hearing whether that agreement resolved the issue of "postseparation support," as it is called in North Carolina.  The trial court in the instant action considered the North Carolina court's "Postseparation Support, Interim Distribution, Temporary Child Support and Attorney's Fees Order" that had been filed June 9, 2016, with an effective date of April 21, 2016 for postseparation support in the amount of $350 monthly until "terminating upon the entry of an alimony order entered by this [North Carolina court]."  In addition, the trial court found that neither party at the time of the final hearing had registered the foreign judgment from the State of North Carolina to enforce the prior settlement agreement, although the trial court found the settlement agreement binding on the parties.

{¶6}   While Timothy argued in the trial court that the mediated settlement agreement from North Carolina constituted a full and complete settlement of all issues, including spousal support, the trial court held that "[i]t appears from the record and law, that the termination of the marriage and an order regarding spousal support in Ohio may be the only thing to terminate the postseparation support ordered in North Carolina. The mediated settlement agreement does nothing to deny or dismiss the prior postseparation order as required by the appropriate statute."  In addition to making the

determination regarding postseparation support, the trial court found Timothy had failed to comply with the parties' prior orders and the mediated settlement agreement in many ways and attempted to avoid contempt actions. The trial court ruled that it would consider Timothy's misconduct as one factor regarding his compliance with prior North Carolina orders in awarding the spousal support to the Veronica.

{¶7} After considering all the required statutory factors, the trial court ordered Timothy to pay Veronica spousal support in the amount of $350 per month for a period of five years, commencing July 1, 2023. The court also retained jurisdiction over the issue of spousal support. It is this portion of the judgment entry that Veronica appeals.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN AWARDING AN AMOUNT OF SPOUSAL SUPPORT TO APPELLANT, VERONICA PARSON[S], IN THE AMOUNT OF ONLY $350 MONTHLY AND FOR THE DURATION OF ONLY FIVE YEARS DUE TO HIS MISCONDUCT IN NORTH CAROLINA CASE 16 CVG 409.

{¶8} In her sole assignment of error, Veronica argues that the facts set forth in the final hearing demonstrated that an indefinite term of spousal support is reasonable and appropriate. In addition, while Veronica acknowledges the trial court considered the statutory factors in establishing an award of support, she asserts that the amount of spousal support should equalize Timothy and Veronica's income, just as it was during the 27-year marriage, and that Timothy's actions in the North Carolina case caused Veronica financial distress since approximately 2016.

## STANDARD OF REVIEW AND LAW.

{¶9} " 'Trial courts generally have broad discretion and "wide latitude" when evaluating the appropriateness, reasonableness, and amount of a spousal support

award.' " *Thompson v. Thompson,* 2024-Ohio-2147, ¶ 80 (4th Dist.), quoting

*Eichenlaub v. Eichenlaub*, 2018-Ohio-4060, ¶ 11 (4th Dist.), citing *Kunkle v. Kunkle*, 51

Ohio St.3d 64, 67 (1990). " 'An appellate court will not reverse a determination on

spousal support unless the trial court has abused its discretion.' " *Vernell v. Vernell*,

2022-Ohio-1510, ¶ 27 (4th Dist.), quoting *Carlisle v. Carlisle,* 2009-Ohio-215, ¶ 10,

citing *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 218 (1983). An abuse of discretion

"is more than a mere error of law or judgment; it implies that a trial court's decision was

unreasonable, arbitrary or unconscionable." *Id.*, citing *State v. Martin*, 2017-Ohio-7556,

¶ 27, citing *Blakemore* at 219. However, even though the decision to award spousal

support is discretionary, an appellate court still reviews the factual findings to determine

whether that award is supported by the manifest weight of the evidence. *Tittel v. Tittel,*

2021-Ohio-1571, ¶ 12 (4th Dist.), citing *Freeland v. Freeland*, 2003-Ohio-5272, ¶ 14 (4th

Dist.). We conduct a manifest weight analysis by weighing the evidence and all

reasonable inferences to be drawn therefrom, considering the credibility of witnesses,

and determining whether in resolving evidentiary conflicts, the fact-finder clearly lost its

way to create such a manifest miscarriage of justice that the judgment must be

reversed. *Tittel* at ¶ 12 citing *Fox v. Positron Energy Res., Inc.*, 2017-Ohio-8700, ¶ 10

(4th Dist.) and *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

{¶10} R.C. 3105.18(B) provides "upon the request of either party and after the

court determines the division or disbursement of property . . . the court of common pleas

may award reasonable spousal support to either party." R.C. 3105.18(C)  sets out

numerous factors the court must consider when determining "whether spousal support

is appropriate and reasonable, and in determining the nature, amount, and terms of

payment, and duration of spousal support[.]"  A trial court "must consider all of the statutory factors and not base its determination upon any one factor taken in isolation[,] . . . and must indicate the basis for a spousal support award in sufficient detail to enable a reviewing court to determine that the award complies with the law."  *Tittel* at ¶ 10 (4th Dist.), quoting *Eichenlaub v. Eichenlaub*, 2018-Ohio-4060, ¶ 13 (4th Dist.), citing *Kaechele v. Kaechele*, 35 Ohio St.3d 93 (1988), paragraphs one and two of the syllabus.  We will uphold the award "[i]f the record reflects that the trial court considered the statutory factors, and if the judgment contains details sufficient . . . to determine that the support award is fair, equitable, and in accordance with the law." *Martindale v. Martindale*, 2019-Ohio-3028, ¶ 90 (4th Dist.), citing *Eichenlaub,* 2018-Ohio-4060 at ¶ 13.

ANALYSIS

**{¶11}**  After the trial court set forth the distribution of property, it made the following finding as to spousal support:

> The Magistrate further finds that Plaintiff should pay Defendant spousal support in the amount of $350.00 per month for a period of five (5) years, with said payments commencing on July 1, 2023.  The [c]ourt finds, based on Husband's prior conduct of evading service in North Carolina, that the [c]ourt shall retain jurisdiction in this matter to modify and/or extend said support should the [c]ourt deem it necessary.  This decision is based on the factors in Ohio Revised Code Section 3105.18 regarding spousal support.

The court then addressed, and set forth its findings regarding each and every R.C. 3105.18 factor.  While considering all factors, the trial court noted that the parties did not present sufficient evidence regarding certain factors.

**{¶12}**  On appeal, Veronica submits that the trial court should have ordered lifetime support in an amount exceeding $1,000 per month.  Further, Veronica asserts

that, at a minimum, the parties' monthly incomes should be equalized.  While she acknowledges the trial court considered all the relevant factors, she states that the trial court should have also awarded Veronica a greater award because of Timothy's refusal to comply with North Carolina orders that she claims caused her significant financial distress since approximately 2016.

{¶13}  R.C. 3105.18 provides, in pertinent part:

(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

(2) In determining whether spousal support is reasonable and in determining the amount and terms of payment of spousal support, each party shall be considered to have contributed equally to the production of marital income.

{¶14} We now turn to the specific factors the court must apply. The trial court properly applied the law, considered the statute, and set forth its findings. The trial court found that sufficient evidence was presented for R.C. 3105.18(C)(1)(a), (c), (d), (e), (f), (g), (h), (i), (m) and (n). The trial court found there was insufficient evidence presented for (b), (j), (k), and (l). In addition, the trial court also heard evidence regarding what expenses both Timothy and Veronica had or will have in the future. Based on the evidence presented at the hearing, we find that the manifest weight of the evidence supports the trial court's award of spousal support.

{¶15} First, factor (a) requires the court to consider "[t]he income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code." Here the trial court found, and the record reflects, that Timothy's combined monthly income is approximately $4,700 from VA disability and Social Security, while Veronica's monthly income is approximately $2,200 from VA disability. During the course of the

proceeding, Timothy challenged whether the trial court could consider his disability benefits, claiming that they are personal property, and not divisible. However, the trial court in this case did not divide the VA benefits as a part of a property settlement award. The phrase "income from the parties, from all sources" as it pertains to spousal support contemplates the court considering any veteran's administration disability benefits, Social Security disability benefits, and Social Security retirement benefits, even if that income is a spouse's only source of income. *Graves v. Graves,* 2014-Ohio-5812, ¶ 42 (4th Dist.); *see also, Skerness v. Skerness*, 2015-Oho-3467, ¶ 26 (5th Dist.); *Wharton v. Wharton,* 2013-Ohio-5531, ¶ 9 (7th Dist.).

**{¶16}** As to R.C. 3105.18(C)(1)(c), the ages and the physical, mental and emotional conditions of the parties, the trial court considered the evidence before it – i.e., that Timothy was 51 years old, suffered PTSD, and had a 100% service-connected disability, and that Veronica was 50 years old and suffered from chronic migraines. The trial court did not mention in its entry but the record further shows that she had fibromyalgia, arthritis in her spine, and bulging discs.

**{¶17}** As to R.C. 3105.18(C)(1)(e)(f) and (g), the duration of the marriage, the evidence shows that the parties were together 19 years before the legal separation was filed and married approximately 27 years prior to Timothy filing for divorce. The court also found that the parties did not have minor children at the time of the final hearing, that the parties enjoyed a moderate lifestyle in North Carolina prior to separation, and Veronica was dependent on Timothy's earnings.

**{¶18}** As to R.C. 3105.18(C)(1)(i) and (m) the court observed that the parties had previously divided their assets and liabilities and the significant asset of Timothy

was an IRA retirement account, while Veronica was awarded the funds from the sale of the marital home. Further, the trial court noted that Timothy owed Veronica sums for postseparation support and attorneys' fees. The court additionally acknowledged that Veronica was responsible for the parties' minor children a majority of the time, and that she put her career and earnings on hold while Timothy was sent on multiple overseas tours with the U.S. Air Force. Veronica also moved with Timothy to some countries during these tours.

{¶19}  Finally, the trial court considered, as part of R.C. 3105.18(C)(1)(n), "[a]ny other factor that the court expressly finds to be relevant and equitable," the fact that Timothy removed himself from the jurisdiction of North Carolina when things did not go his way in the prior court proceeding. The court specifically considered this factor in determining the amount and duration of the support and also retained jurisdiction to modify and/or extend the spousal support based on this fact.

{¶20}  Appellant acknowledges that the trial court analyzed the factors in the statute while it made its findings and spousal support award. Veronica states the trial court neglected the findings of fact from North Carolina and how the living conditions have changed since Timothy left North Carolina. However, the trial court did find, according to R.C. 3105.18(C)(1)(g), that the parties enjoyed a moderate lifestyle during the marriage. The North Carolina Court's findings of fact show that at least some of Veronica's expenses were based on the fact she still had a minor child living with her. In addition, Veronica objects that the court did not afford a greater award to her based on Timothy's failure to pay earlier orders and availing himself of a jurisdiction that was more favorable when he filed for divorce. However, the trial court did consider

Timothy's misconduct regarding his contempts of court both when granting the award of spousal support, and also when including a provision that the spousal support could be modified.

**{¶21}** Veronica claims that her living situation has substantially worsened while Timothy's living situation has significantly improved; however, there is no evidence to this point in the record.  The manifest weight of evidence in the record shows that the parties had a moderate lifestyle during the marriage, and there was no evidence that either has significantly departed from that standard of living.  Veronica also opines that her living conditions have substantially worsened since Timothy left her because she has been forced to relocate to Tennessee to live with her parents and has asserted on appeal she cannot live on her own based on her disability and the amount of support ordered.  However, the expenses that Veronica claims in her brief arise from her living situation at the time the parties initially separated, and not current expenses at the time of the final hearing.  She admitted at trial that most of her expenses are shared and also stated that she does not pay a mortgage or rent.  Her desire to move to her own residence is a possible future expense.  The court left the door open for her to file for a modification.

**{¶22}** Part of Veronica's argument on appeal is that her expenses far exceed her spousal support award and disability benefit.  However, while R.C. 3105.18(C)(1)(g) requires the court to consider "[t]he standard of living the parties established during the marriage[,]" a party's living expenses are not one of the specifically enumerated factors to be considered when determining an initial award of spousal support.  *See Copley v. Copley,* 2020-Ohio-6669, ¶ 28 (4th Dist.).  "Thus, the trial court's consideration of a

party's living expenses 'is discretionary and may be considered if the court finds such expenses to be relevant.' " *Id. see* R.C. 3105.18(C)(1)(n) (the court shall consider "[a]ny other factor that the court expressly finds to be relevant and equitable"). If a trial court "elects to consider the parties' living expenses, it acts unreasonably when it disregards expenses without an explanation." *Vernell v. Vernell*, 2022-Ohio-1510, ¶ 37 (4th Dist.), citing *Copley* at ¶ 30. *Compare* R.C. 3105.18(F)(1) (which clearly sets forth the consideration of expenses for a modification of an existing spousal support award). In the instant case, because the trial court elected not to consider the expenses of either party as a "any other relevant factor," it did not abuse its discretion.

**{¶23}** Veronica on appeal also claims the trial court should consider the support that Timothy may receive from his live-in girlfriend as part of "income from all sources." But there is a problem with doing so for several reasons. First, Veronica did not establish specifically what Timothy's girlfriend's contributions are to Timothy's living expenses; there was just vague testimony as to his then-girlfriend paying expenses, but no itemization nor mention of specific amounts.

**{¶24}** Second, while the record reflects Veronica argued Timothy relied on his then-girlfriend, who is a nurse, for the payment of his expenses, or sharing of expenses, Veronica did not specifically object to the fact that the trial court did not take this factor into account when she objected to the magistrate's decision. Civ.R. 53(D)(3)(b)(i) requires a party to file objections within 14 days of the filing of the magistrate's decision, and those objections must be "specific and state with particularity all grounds for objection." *Mosser v. Mosser,* 2020-Ohio-5122, ¶ 8, (4th Dist.); Civ.R. 53(D)(3)(b)(i) and (ii). "Thus, a 'party forfeits or waives the right to challenge the trial court's adoption of a

factual finding or legal conclusion unless the party objects in accordance with Civ.R. 53(D)(3)(b).' " *Id.*, quoting *Faulks v. Flynn*, 2014-Ohio-1610, ¶ 17 (4th Dist.). Further, Veronica has not asked us to conduct a plain error review regarding this specific issue.

**{¶25}** Third, and most importantly, this court has held that where there is no evidence that the husband and live-in girlfriend commingled funds, the live-in girlfriend's earnings should not be considered. *Leopold v. Leopold,* 2005-Ohio-214, ¶ 32 (4th Dist.). *Compare Vernell v. Vernell,* 2022-Ohio-1510, ¶ 42 (4th Dist.) ("While a new spouse's income cannot be considered in determining an obligor's ability to pay spousal support, the court may consider the fact that the obligor directly benefits from sharing living expenses with the new wife."). Again, the evidence was not clear whether Timothy and his live-in girlfriend commingled funds – instead, what was presented to the court was testimony that he "helped her out financially," and she "gives me a place to stay." Timothy did say that he had "zero bills." But, because the court did not consider specifically the expenses of both parties, the fact that the trial court considered neither the live-in girlfriend's income nor joint expenses, if any, renders the trial court's consideration equitable.

**{¶26}** In addition, as noted above, certain evidence pertinent to an award of support is absent in the record. "It is axiomatic that ' " 'each party has the burden of producing evidence as to any of the R.C. 3105.18(C)(1) factors it wants considered and must provide facts tending to prove its version of the manner in which such factors should be applied.' " *Iranpour-Boroujeni v. Emami,* 2024-Ohio-2546, ¶ 125 (1st Dist.), citing *Morrison v. Walters*, 2022-Ohio-1740, at ¶ 8, (1st Dist.) quoting *Hunley v. Hunley*, 2020-Ohio-5053, ¶ 27 (12th Dist.). Thus, the court's finding that not enough evidence

was presented regarding the parties' future income abilities is supported by the record, and compelling.  The parties have the same level of education, and neither party presented evidence regarding Veronica's ability to be trained or go to school for any type of employment.  While neither party contested Timothy's military finding of 100% disability, the parties disputed whether Veronica is totally unable to work, though she did testify to this fact.  Even though Veronica testified that her VA disability findings were based on her hysterectomy and other injuries associated with that surgery, including fibromyalgia, bulging disc, migraines and nerve problems, the trial court found Veronica suffered from migraines, and Veronica does not specifically object to this finding in the trial court or on appeal.   Nor does she have to care for the minor children any longer, who are both now in the military themselves.  While Veronica on appeal claims that her standard of living has declined since the marriage, the record does not reflect that.  The record further reflects that Veronica sold the marital residence and all the net proceeds went to her.

{¶27}  Simply, we disagree that the trial court had an obligation to equalize the income of the parties.  The trial court had no obligation to award Veronica an amount of spousal support to equalize the parties' incomes or to equal an amount that would enable her to maintain the same lifestyle level that the parties enjoyed during their marriage.  *See Mann v. Mann*, 2011-Ohio-1646, ¶ 35 (4th Dist.) (where this court found the trial court could have rationally concluded that appellant's disability income, coupled with spousal support, would be adequate for a reasonable standard of living and maintained jurisdiction over modifications of spousal support resulting from a lengthy marriage).  "Although there is no prohibition against the equalization of incomes in

appropriate cases, income equalization is not a factor that must be considered under R.C. 3105.18(C)(1)." *Walpole v. Walpole,* 2013-Ohio-3529, ¶ 23 (8th Dist.).  We also disagree with Veronica's argument that her living expenses results in a need that is a determining factor of support.  "[A] party's 'need' is also not one of the enumerated factors set forth in R.C. 3105.18.  *Id.*  "[S]pousal support should not be viewed solely as monetary support necessary to satisfy a recipient's need for support."  *Warner v. Warner,* 2013-Ohio-478, ¶ 14.  Instead, "[t]he goal of spousal support is to reach an equitable result."  *Id.,* citing *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 96, (1988).

{¶28}  For the foregoing reasons, we can find that the trial court's spousal support award is appropriate and reasonable and supported by the record.  Therefore, we find no abuse of discretion and affirm the trial court's decision.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Kristy S. Wilkin, Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**